118 So.2d 833 (1960)
Joseph WEISS, Appellant,
v.
Ethel WEISS, Appellee.
No. 59-724.
District Court of Appeal of Florida. Third District.
March 23, 1960.
*834 Frederick A. Resnick, Miami, for appellant.
James C. Henderson, Miami, for appellee.
CARROLL, CHAS., Judge.
This is an interlocutory appeal from a post final decree order granting alimony to an ex-wife.
In 1952 a final decree was entered in the circuit court in Dade County which granted the husband a divorce, awarded him custody of the minor child of the parties, and denied the wife's counterclaim and her application for alimony. No alimony was allowed in the final decree,[1] and there was no reservation of jurisdiction therein for any purpose.[2]
In October of 1959 the ex-wife filed a petition to modify the decree "so as to award and grant alimony to the defendant [ex-wife] from the plaintiff [ex-husband]." The chancellor granted the ex-wife's petition and awarded her certain alimony. In that order the chancellor found that the court had "retained jurisdiction through this cause to modify the final decree previously entered regarding the question of alimony."
As the final decree made no provision regarding alimony and made no reservation of jurisdiction, the chancellor's finding had reference presumably to a reservation made in an order entered after the final decree which effected a partial change of custody and granted a certain allowance to the wife during the time she had possession of the child under that order, imposed a condition on her custody and reserved jurisdiction to make further conditions.[3] By a further order, in *835 1955, the sole custody was returned to the child's father. Thus, the chancellor's finding that jurisdiction was reserved under the final decree to later award alimony was without basis or support on the record.
The order appealed from was not an authorized modification under § 65.15, Fla. Stat., F.S.A., as it relates to modification of decrees for alimony, for the reason that the statute provides for modification as to alimony only where alimony has been created by agreement or previously awarded by a decree of the court. That is plain from the wording of the statute. See Kirby v. Kirby, Fla.App. 1959, 111 So.2d 299.
Following a divorce decree which does not allow her alimony and which does not reserve jurisdiction to award alimony later, an ex-wife has no standing in a court of equity to apply for alimony. See Gedney v. Gedney, 117 Fla. 686, 158 So. 288; Kennard v. Kennard, 131 Fla. 473, 179 So. 660; Tenny v. Tenny, 147 Fla. 672, 3 So.2d 375; Kirby v. Kirby, supra, Fla.App. 1959, 111 So.2d 299; Carson, Florida Law of the Family, Marriage and Divorce 667 (1950).
Accordingly, the order appealed from is reversed.
Reversed.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] The failure of a final decree to award any alimony to the wife who had sought alimony is generally held to constitute a denial thereof. See 2 Nelson, Divorce and Annulment, § 17.02 (2d ed. 1945); Annotation 83 A.L.R. 1248 (1933); Annotation 43 A.L.R.2d 1387, 1394 (1955).
[2] The final decree provided as follows:

"Ordered, Adjudged and Decreed as Follows:
"1. That this Court has jurisdiction of this cause, the parties hereto, and the subject matter hereof.
"2. That the report of the Special Master in Chancery be and the same is hereby ratified, confirmed and approved.
"3. That a Decree of Divorce, a vinculo matrimonii, be and the same is hereby granted to the plaintiff, Joseph Weiss, of and from the defendant, Ethel Weiss, and the bonds of matrimony heretofore existing between the said plaintiff and defendant be, and they are hereby forever dissolved, and each of the said parties is forever free from the obligations thereof.
"4. That the care, custody and complete control of the minor child, Michael Sigmund Weiss, be and the same is hereby awarded to the plaintiff, subject, however, to reasonable rights of visitation by the defendant.
"5. That the plaintiff be required to pay to the defendant's attorney the amount of $400.00 Dollars as a reasonable attorney's fee.
"6. That the fee of the Special Master shall be set at $100.00 Dollars.
Done and Ordered in Chambers at Miami, Dade County, Florida, this 17th day of December, A.D. 1952."
[3] The subsequent order amending the decree as to custody was as follows:

"This Cause coming on to be heard on the defendant's Petition for Rehearing, and the Court having heard the testimony of the plaintiff, and the defendant, and the arguments of counsel and due deliberation having been had, it is
"Adjudged, Ordered and Decreed that the Final Decree in this cause entered on December 17, 1952 be and the same is hereby amended in the following wise:
"That the care, custody and control of the minor child of the parties, Michael Sigmund Weiss, be and the same is hereby divided equally between the plaintiff and the defendant, subject always to reasonable rights of visitation to the other, and the division is made as follows:
"1. For a period of three months from the date of this Order the said minor child is awarded to the care, custody and control of the defendant, Ethel Weiss, and for the ensuing three months to the plaintiff, Joseph Weiss, and thereafter in equal three monthly periods.
"2. That during the time that the care, custody and control of the child is with the defendant, Ethel Weiss, the plaintiff is ordered and directed to pay into the register of this Court for the use and benefit of the defendant, Ethel Weiss, the sum of Thirty ($30.00) Dollars per week commencing with the date of this decree. During such time as the child is with the plaintiff no sum shall be due and payable to the defendant.
"3. That the said child shall not be removed from the jurisdiction of this Court without the consent of this Court in writing upon notice to all parties.
"4. That this Court retains jurisdiction of the cause to make such other conditions as shall be mete and proper."