122 So.2d 199 (1960)
Maxine U. MORRISON, Appellant,
v.
Michael J. MORRISON, Appellee.
No. C-76.
District Court of Appeal of Florida. First District.
July 14, 1960.
*200 Raymond, Wilson, Karl & Fink, Daytona Beach, for appellant.
Ossinsky & Krol, Daytona Beach, for appellee.
WIGGINTON, Chief Judge.
This appeal is from a post decretal order entered in a contempt proceeding by which the chancellor purported to interpret the child support provisions of a final decree of divorce, and upon such interpretation absolved defendant father of contempt.
The Circuit Court of Volusia County entered a final decree of divorce in accordance with a settlement agreement between the parties, which, among other things, provided that custody of the two minor children of the parties be awarded to appellant mother, and required appellee father to pay to the mother on "Friday of each and every week" the sum of $20 as support for each of the children. The decree further provided that the father should have the right to visit the children by appointment and to have their custody for one month each year during summer vacation. Accordingly, custody was delivered to him for periods of one month each in the summers of 1958 and 1959. During these two months he failed to pay to the mother the mentioned sum of $40 per week as specified by the decree, and the mother procured a rule nisi against the father requiring him to show cause why he should not be adjudged in contempt for failure to make said payments.
To the rule to show cause the father filed an answer in which he admitted the allegations of the motion, but contended that under the terms and provisions of the final decree he was not required to pay the mother support for the children during the summer vacations when they were in his custody and control. The answer prayed for the entry of an order interpreting the final decree as relieving the father from payment of child support during the one-month summer vacation when he shall have the temporary custody of the minor children as provided in the original decree.
The parties to the cause entered into a stipulation of facts essentially in accordance with those hereinabove stated. No further testimony or proof was required by the court nor adduced by the parties. Upon final hearing the chancellor entered an order which decreed that during the one-month summer vacation when the minor children of the parties are in the care and custody of the father he shall be relieved from paying support money in the sum of $40 each week to the wife. The order further provides that the court's interpretation of the final decree as set forth therein shall be applied to any future payments by the father under and pursuant to the terms of the final decree, and to that extent the decree is thereby interpreted. The father was absolved of contempt and the rule discharged.
The mother has appealed from the mentioned order which purports to interpret the final decree theretofore entered by the court. It is contended that the terms and provisions of the decree are clear and unambiguous and require the payment of child support by the father to the mother on Friday of each week during the minority of the children, and that the decree contains no exception or reservations whereby the father may be relieved of such payments during the summer vacation month when he has custody of the children. Under these circumstances appellant contends that the chancellor was without authority in this proceeding to interpret the decree in such way as to amount to a modification or rewriting *201 of the terms and provisions thereof.
We have carefully examined the final decree originally entered by the court and are forced to agree with appellant that the terms and provisions thereof with respect to the payment of child support are clear and unambiguous. The decree contains no exception which would relieve the father from the payment of such support during the one-month summer vacation period when the children are in his custody. Had this been so intended at the time the decree was entered, few additional words would have been required to clearly express such intention. The decree contains no other findings or conclusions from which it might be inferred that the chancellor entertained any such intention at the time the decree was entered. The decree became final long prior to the alleged default by the father and the institution of this proceeding for contempt.
By his purported interpretative order from which this appeal is taken the chancellor granted a right to the father to suspend payment of support during the time the children were in his custody, which right was not granted directly or inferentially by the terms of the original decree. It is settled principle of law in this state that a court of equity possesses no power to go back and grant a new right or impose a new duty not adjudicated in its former decree after it has become final and absolute. Although the court retains the power to modify by subsequent order the time or manner of the enforcement of a final decree after it has become final, under our rules it does not retain the power, unless specifically provided by statute, to amend, modify or alter the principles of such final decree.[1] If the court intended but failed to include in its decree a provision relieving the father from the payment of support money while the children were in his custody during the summer month, such failure would necessarily be an intrinsic and unverifiable judicial mistake, not subject to change under our cases.[2]
The practice of entering an order purporting to interpret the clear and unambiguous provisions of the final decree in such manner as to unduly encumber and vitiate the benefits flowing to either party thereunder was specifically condemned by the Supreme Court in the Quality Courts case. It was there held that such purported interpretative order was void and of no effect.[3]
In any suit for divorce or alimony, a court of equity has the power to make such orders touching the care, custody and maintenance of the children of the marriage as from the circumstances of the parties and the nature of the case may be fit, equitable and just.[4] It is so well settled as not to require citations of authority that upon proper application the court may modify its former order or decree touching the care, custody and maintenance of minors upon proof that conditions of the parties have changed since the entry of the last such order. The only evidence before the chancellor, as shown by the record in this case, was the stipulation referred to above. Such stipulation contains no facts from which it could be concluded that the condition of the father had so changed as to justify an order modifying the final decree in such manner as to relieve him from payment of support for the children during the time they are in his exclusive custody.
The order appealed is accordingly reversed and the cause remanded for further *202 proceedings consistent with the views herein expressed.
Reversed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Mabson v. Christ, 96 Fla. 756, 119 So. 131.
[2] Stewart v. Berger, Fla. 1959, 109 So.2d 765.
[3] Quality Courts United v. Jones, Fla. 1952, 59 So.2d 20.
[4] F.S. Sec. 65.14, F.S.A.