**FOX v. HOOPER, et al.**
No. 61-C-377.
Circuit Court, Palm Beach County.
January 29, 1965.

William E. Martin, Lake Worth, for plaintiff.

Stewart D. Allen and George J. Baya, both of Miami, for defendant American Motorists Insurance Co.

JAMES R. KNOTT, Circuit Judge.

This is a mortgage foreclosure suit in which plaintiff mortgagee, in addition to seeking the enforcement of her mortgage lien, claimed the right to collect from defendant American Motorists Insurance Company under its policy insuring the mortgaged premises for fire damage which had occurred during the pendency of the mortgage lien. A final decree of foreclosure in the total amount of $12,077.83 was entered against the mortgagors, in

which decree the issue of the liability of the insurance company was reserved for subsequent determination.

Plaintiff purchased the mortgaged premises at the foreclosure sale for $5,000. Upon later hearing on plaintiff's right to collect under the policy of fire insurance, the insurance company claimed that no liability existed to the mortgagor-owners under the policy, and alleged that with respect to the plaintiff mortgagee the insurance company was entitled to the benefits of the following subrogation provisions of the policy —

"Whenever this Company shall pay the mortgagee (or trustee) any sum for loss under this policy and shall claim that, as to the mortgagor or owners, no liability therefor existed, this Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of his, her or their claim."

Final judgment was rendered in plaintiff's favor against the insurance company on February 27, 1963, in the total amount of $6,738.10, which was paid and satisfaction thereof recorded.

On August 21, 1964, defendant American Motorists Insurance Company filed a "Petition to Enforce Subrogation Rights," realleging the quoted provisions of the policy with reference to subrogation rights, reciting that subsequent to the mortgage foreclosure sale mentioned above (at which plaintiff had purchased the premises for $5,000) plaintiff had recovered the sum of $6,738.10 from the insurance company, as stated above, and that plaintiff later effected a sale of the premises for the sum of $6,139, "thereby effecting a double recovery or a cash surplus of $5,799.27 out of the mortgaged premises," to which sum said defendant "seeks to assert its rights of subrogation under the terms and conditions of the insurance policy and asserts its claim to all sums of money recovered by the plaintiff, which sums exceed the mortgage indebtedness as set forth in the final decree of foreclosure in this cause in the amount of $12,077.83." Defendant prayed that the court require plaintiff to pay over to it the sum of $5,799.27, with interest from the date plaintiff sold and conveyed the premises as aforesaid. Defendant's brief summarizes the transaction as follows —

| | |
|---|---|
| Amount contained in decree of foreclosure .............................. | $12,077.83 |

Amount bid (recovered) by plaintiff at
foreclosure sale ............................................................. $ 5,000.00

Amount paid plaintiff by defendant under
policy of insurance........................................................ 6,738.10

Plaintiff subsequently sold premises to
3rd party for ................................................................. 6,139.00

Total recovered by plaintiff to date ............................. $17,877.10

Surplus recovered by plaintiff (total recovery less
the sum decreed in decree of foreclosure) ............................ - $ 5,799.27

Defendant cites various authorities in support of its contention expressive of the well recognized principle against "double recovery" by a mortgagee, exemplified in the leading case of Power Building and Loan Assn'n v. Ajax Fire Insurance Co., 164 A.410, where it was held that —

". . . If the [foreclosure] sale brought enough to pay plaintiff's debt in full, that wiped out any liability on the part of the insurance company, for clearly, the plaintiff could not recover at the foreclosure suit the full amount of its mortgage, thereby having the debt for which the mortgage was given as security entirely satisfied, and then in addition recover from the insurance company the amount of money provided for in the policy . . . In other words, after the foreclosure sale and the satisfaction of the plaintiff's debt, it ceased to have any interest as mortgagee in the premises covered by the policy. As the stipulated state of facts does not contain any statement with relation to this situation, the plaintiff's case falls; for in order to be entitled to recover, the burden rested upon it to show that the foreclosure sale did not produce enough to satisfy the mortgage in full, and that the mortgage debt remained unsatisfied at least in part. If it had been satisfied in full, then, as has already been indicated, it has no course of action on the policy. If it has been satisfied in part, then to the extent that the mortgage has been reduced by the purchase money recovered at the sheriff's sale, the insurance company's liability has also been reduced proportionately."

Plaintiff has moved for a dismissal of defendant's petition on the ground that the final judgment rendered approximately 18 months prior thereto adjudicated the rights of the parties and was "not subject to any motion, petition, direct or collateral attack under the laws of the state of Florida, and that no cause of action remains upon which the relief prayed in said petition can

be granted," citing the case of Morrison v. Morrison, Fla., 122 So.2d 199, wherein it was stated:

"It is a settled principle of law in this state that a court of equity possesses no power to go back and grant a new right or impose a new duty not adjudicated in its former decree after it has become final and absolute. Although the court retains the power to modify by subsequent order the time or manner of the enforcement of a final decree after it has become final, under our rules it does not retain the power, unless specifically provided by statute, to amend, modify or alter the principles of such final decree."

In seeking to apply the principle of the Power case and like authorities to the present dispute, defendant overlooks the requirement of a basic element conspicuously lacking in this controversy: in order for the "double recovery" theory to operate, the mortgagee must complete the collection of the sums due under the final decree of foreclosure through an assignment of the mortgage, payment of the mortgage debt, or by sale of the mortgaged premises held pursuant to the decree; any surplus recovered by the mortgagee through such sale would be subject to the subrogation rights claimed in the present case, as plainly stated in the policy's subrogation clause, quoted above. The collection of the sums due under the final decree of foreclosure in the present case was not complete even with the addition of the insurance proceeds paid pursuant to the final judgment subsequently and independently entered in favor of the mortgagee under the provisions of the policy of insurance. The mortgagee obtained title to the property through bidding $5,000 at the foreclosure sale, while the insurance company stood by. Later, "after the ball is over" — after the rights and liabilities of the parties under the insurance policy had long since become settled and finally fixed and defined by the entry and payment of the judgment of February 27, 1963 — the insurance company, learning that the former mortgagee, now clothed with a new legal identity and status as owner of the premises, had effected a sale of her property, reappeared to claim a portion of the financial increment realized in the transaction. The claim is refuted by the authorities cited in support thereof.

The petition is found to be without merit, and accordingly the same is dismissed.