SWANN, Judge.
This is an appeal by one of the appellants, Abraham Platt, from an order denying the return of certain tax money paid by him during the pendency of this suit in the trial court.
The facts giving rise to this appeal are briefly these.
Appellees filed a complaint to cancel a 99-year lease with the appellant corporation and alleged, inter alia, that the appellant corporation had not paid the 1963 real estate taxes due on the property, although required to do so by the lease.
On March 31, 1964, during the pendency of this suit, the appellant, Abraham Platt, purchased at judicial sale the 99-year lease, and paid the 1963 real estate taxes due on the property to the tax collectors of the City of Miami and Dade County, Florida..
A final decree was entered in the cause-on July 30, 1964, cancelling the lease on-, other grounds.
On October 9, 1964, appellant, Abraham-Platt, filed a petition with the trial court seeking the return of the monies which he had paid for the 1963 real estate taxes to-the tax collector during the pendency of the cause.
On January 28, 1965 the Chancellor entered his order denying the petition and this appeal was , entered. ' .
The order of January 28, 1965, recited, inter alia:
* * * * * *
“On the date of the final hearing, counsel for Augusta Corporation and Platt orally moved for the return of such money after the Court had • announced to counsel for the parties the substance of what the final decree in the cause would contain when entered *623 in written form. The Court, at that time, stated, in essence, that it would hear counsel on that proposition upon the Court’s return from vacation.
"The Final Decree entered in the cause contained the following language:
“ ‘That this Court retains jurisdiction of this cause to make such other and further orders herein as maybe necessary or proper.’ ■
"It may well be that this Court could have entertained the petition for the ■return of the tax monies had such petition been filed within sixty (60) days from the date of the Final Decree herein, but the circumstances described above do not afford this Court the jurisdictional authority to entertain the petition filed on October 9th, 1964. Further, Rule 1.38 does not authorize the Court to make any corrections in its final decree which would have the effect of authorizing this Court to, at this time, entertain the petition for the return of the tax monies paid.
"As I understand the law, Mr. Platt has not made such involuntary payment under compulsion or coercion as to constitute grounds for the return to him of the monies paid for taxes.
-“However, for the reasons stated above, it is the conclusion of this Court that it is without jurisdiction to entertain the Petition filed October '9th, 1964 for the return of tax monies paid to the Tax Collector.”
******
The recent case of McEachin v. McEachin, Fla.App.1963, 154 So.2d 894, seems to be in point.
■ In that case the final decree contained a provision that the court “retains jurisdiction herein for the entry of’such other and further orders as may be proper herein, and for the purpose oi modifying any or-ders herein.” : .
Chief Judge Donald K. Carroll pointed out that the Chancellor’s authority to change the property provisions of the final decree therein rested upon a different legal basis from his authority to change the visitation privileges. He thereafter stated:
******
“A more troublesome contention made by the appellee is that the chancellor has the power to modify the final decree because of the provision in that decree that the court ‘reserves jurisdiction herein for the entry of such other and further orders as may be proper herein, and for the purpose of modifying any orders herein.’
“While the authorities in Florida and elsewhere as to the legal effect of such a reservation clause are not wholly consistent, we are of the opinion that the better rule, as well as the weight of authority, is that such a reservation clause does not endow the court with jurisdiction that otherwise would be lost. (Emphasis supplied)
“Our decision in Morrison v. Morrison, Fla.App., 122 So.2d 199 (1960), supports this view concerning the reservation clause. As we said in that case:
“ ‘ * * * It is settled principle of law in this state that a court of equity possesses no power to go back and grant a new right or impose a new duty not adjudicated in its former decree after it has become final and absolute. Although the court retains the power to modify by subsequent order the time or manner of the enforcement of a final decree after it has become final, under our rules it does- not retain the power, unless specifically provided by statute, to amend, modify or alter the principles of such final decree. If the court intended but failed to include in its. decree a provision re *624 lieving the father from the payment of support money while the children were in his custody during the summer month, such failure would necessarily he an intrinsic and unverifiable judicial mistake, not subject to change under our cases.’ (Emphasis supplied)
“Despite a difference in the wording of the reservation clause, the rationale of the Supreme Court of Florida in Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948), is applicable in the present appeal. In that case the final decree of divorce adjudicated the property rights of the parties and provided that the court retains jurisdiction ‘for the purpose of making such further orders herein as may be found necessary to carry out the purposes and objects of the decree.’ Mr. Justice Terrell, speaking for the court, said concerning that clause:
“ ‘The only effect of reserving jurisdiction in this manner is to promulgate such orders as are necessary to effectuate the judgment but this does not make it any less a final judgment. The application of any other principle would mean that there would be no end to litigation. Our statute Section 63.35, Florida Statutes 1941, F.S.A., relating to compulsory counter-claims in equity contemplates the course that was pursued in the main case.’
“While the reservation clause before us docs not state that the reservation of jurisdiction is for the object of carrying out the purposes of the decree, as in the Finston decree, the Supreme Court’s assertion in that case that, if such a clause rendered the judgment ‘any less a final judgment,’ ‘ * * * there would be no end to litigation,’ is applicable to the present case. If the reservation clause in the final decree before us were construed as authorizing the chancellor for an indefinite period to modify the decree, there would indeed be no end to this litigation and the property and personal rights of the parties might never become settled. We hold, therefore, that the reservation clause in the final decree involved in this appeal did not have the effect of reviving the chancellor’s jurisdiction he had lost after the times for filing an appeal and a petition for rehearing had passed (Emphasis supplied)
******
We agree with the rationale above set forth. For these reasons, the decision of the trial court is
Affirmed.