WALDEN, Chief Judge
(dissenting).
On March 11, 1965, the county judge entered a final appealable order directing the executor of an estate to pay over certain insurance policy proceeds “plus interest at the legal rate from the date said proceeds were received. * * * ”
No appeal or petition for rehearing was filed, and the time permitted therefor had long since expired. Thus, under the law of this state the order had achieved ultimate finality and could only be amended, modified or vacated by proper independent action or by meeting the terms and conditions found in Fla.R.Civ.P. 1.38 (now Rule 1.540, which rule is substantially the same as Federal Rule 60). Morrison v. Morrison, Fla.App.1960, 122 So.2d 199; McEachin v. McEachin, Fla.App.1963, 154 So.2d 894; Augusta Corp. v. Strawn, Fla.App.1965, 174 So.2d 621.
On September 16, 1965, the county judge entered the order appealed. It provided, inter alia:
“THE COURT, sua sponte, enters this Amended Order as an amendment to that Order of March 11, 1965, for the purpose of more clearly defining the Court’s intent of said Order.” (Emphasis added.)
It then directed the executors to pay over the certain insurance policy proceeds “plus all earnings received by the said executor during the time of having said amount prudently invested.” Interest was eliminated.
A comparison of the two orders reveals a substantial material modification. The original order required payment of certain interest which, according to the record, amounted to $5,067.32. The amended order required in lieu of interest payment of certain investment earnings which, according t6 the record, amounted to $1,926.75. It is the difference of $3,140.57 which is at stake in this appeal.
We are not concerned with an independent action and so must determine if the amendment can find sanction under Rule 1.38, supra.
The majority opinion declares that the initial order of March 11, 1965, was, “inadvertent”. It finds authorization for its reversal by the county judge on his own motion some six months later under the reasons recited in Rule 1.38(b)(1) as “(1) mistake, inadvertence, surprise, or excusable neglect.” To pinpoint, it is this declaration, which I believe to be unfounded and this use of the rule to which I respectfully dissent..
This writer can find no basis in the language of the rule, or in the state and federal cases that have construed and applied such language, whereby Rule 1.38, supra, could be applicable to the circunp-stances at hand.
To be remembered and emphasized is the fact that the county judge did not denominate his order and judicial act as having been “inadvertent.” He nowhere mentioned inadvertence, mistake, surprise or neglect. Even more compellingly, the county judge omitted to set forth any facts, circumstances or showing which would constitute inadvertence. While a trial court has the power to grant relief from a final order because of inadvertence under the mentioned rule in order to prevent manifest injustice, it is a prerequisite that there be a showing of the existence of grounds which justify the use of such power. Butler v. Butler, Fla.App.1965, 172 So.2d 899. It takes not a great deal of imagination to envision the fate of finality if the procedure here mentioned is condoned.
*498 In order to obtain a feel or understanding concerning the proper application of Rule 1.38(b) (1), supra, a review of cases wherein inadvertence has been either found or rejected may be profitable. Inasmuch as Florida cases are rare, the array concerhs Federal Rule 60(b)(1).
In these instances, mistake, inadvertence, or neglect wás found which was sufficient to justify vacating the order, judgment or decree:
(a) Process was delivered to wife and was not given to defendant but instead was turned over to business manager who mistakenly believed that it pertained only to bankruptcy proceedings of corporation of which defendant was vice-president. This was held to be mistake, inadvertence and excusable neglect under Rule 60(b)(1). Rooks v. American Brass Co., 6 C.A.1959, 263 F.2d 166.
(b) Where service was made on principal defendant in automobile collision case, but insurer obligated to defend had no opportunity to do so because of neglect of an unknown employee in placing summons in storage files with result that legal department had no knowledge of summons until after default was entered, relief from default would be given on ground of mistake, inadvertence, surprise or excusable neglect. Ellington v. Milne, D.C.N.C.1953, 14 F.R.D. 241.
(c) Where delay of one day in filing answer of defendant in federal district court was owing to a miscalculation of time by counsel of defendant, and claim of plaintiff was a substantial one, and defendant set up meritorious defense, default judgment would be vacated in the interest of justice. Wolfsohn v. Raab, D.C.Pa.1951, 11 F.R.D. 254.
(d) If unsuccessful litigant believed that a small item of damages had been overlooked by the trial court relief might be available under 60(b)(1) for mistake and inadvertence. Southern Fireproofing Co. v. R. F. Ball Construction Co., 8 C.A.1964, 334 F.2d 122.
(e)Under circumstances in proceeding to condemn land which appeared on stipulated plat as streets, government was entitled to relief from consent judgment on ground that it had agreed to pay on misunderstanding as to owner’s rights in streets. United States v. Gould, 5 C.A.1962, 301 F.2d 353.
In the following instances the showing of mistake, inadvertence or neglect was insufficient:
(a) Where motion for reconsideration of judgment dismissing complaint was predicated upon an asserted mistake of law by the district court in ruling that complaint did not state a cause of action, this rule providing for correction of mistakes was inapplicable. Jusino v. Morales & Tio, 1 C.A.1944, 139 F.2d 946.
(b) Alleged fact that federal district court misconceived character of causes of actions alleged in plaintiff’s original complaint was not mistake or inadvertence within this rule — 60(b) (1). Swam v. United States, 7 C.A.1964, 327 F.2d 431.
(c) A change in the law by a subsequent decision of a higher court is neither a “clerical mistake” nor a “mistake of party” within the federal rule providing for correction of mistakes 60(a), (b). Safeway Stores v. Coe, 1943, 784 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782.
(d) Fact that a court may have made a mistake in law when entering judgment or that there may have been a judicial change in court’s view of law after its entry does not .justify setting judgment aside. Collins v. City of Wichita, Kan., 10 C.A. 1958, 254 F.2d 837.
(e) Courts possess inherent power to correct error in records evidencing judgment pronounced by court, so as to make them speak the truth by actually reflecting that which was in fact done, but they do not possess power to correct error by court *499 in rendering a judgment it did not intend to render and by such order change judgment, actually but erroneously pronounced, to one the court intended to record. Blankenship v. Royalty Holding Co., 10 C.A. 1953, 202 F.2d 77.
(f) Interest from date of taking of land was a substantive matter and not a clerical mistake which could be corrected under rule after judgment. Stowers v. United States, D.C.Ga.1961, 191 F.Supp. 795.
Certainly it is incumbent upon a moving party to demonstrate facts and circumstances which go to make up recognized or stated grounds for relief under Rule 1.38, supra, and it is no less the duty of the trial court to do so when a modification is undertaken by the court on its own motion. Otherwise, no order could ever be considered final and a review of the court’s action could not be effectively had. It is my view, then, that under Rule 1.38(b) (1), supra, a naked and unsupported declaration of mistake or inadvertence (which we do not even have) will not authorize the trial court to vacate a final order, and particularly so after the time for rehearing and appeal have expired.
Divested of gloss, we see that the able county judge simply became aware that an error of law — a judicial error — had crept into the initial order and, with commendable motive, sought to excise it and make things aright, using the stated purpose “of more clearly defining the court’s intent.” Fortunately or not, depending on viewpoint, this undertaking represents the correction of an intrinsic and unverifiable judicial mistake and as such collides with the settled law of this state as expressed in Stewart v. Berger, Fla.1959, 109 So.2d 765, and Morrison v. Morrison, Fla.App.1960, 122 So.2d 199. Further, I do not understand that there has been any relaxation of this view since the enactment of Rule 1.38, supra.
Taking a still different tack, if a mistake of law be not so categorized and if it be assumed that it is reachable under such rule (a few federal courts appear to hold this view), even the most liberal construction of the corresponding Federal Rule 60(b) would limit the time for such relief in the trial court to the time allowed for an appeal. Thus, under this far-reaching application the time passage here is fatal and bars modification. For a careful discussion of this point see 7 Moore’s Federal Practice, § 60.22(4).
For the above reasons I would reverse.