HENDRY, Judge.
This is an interlocutory appeal brought by the former wife of appellee from a post decretal order of the Circuit Court of Dade County which was entered upon the appellant’s petition for an allowance of lump-sum alimony and to establish a special equity in the home owned by the parties.
The circuit court order appealed was entered, after taking of testimony, on October 16, 1969, almost two years after the entry of the final judgment of divorce. The pertinent parts of the order held that the court had no jurisdiction to award alimony subsequent to the entry of the final judgment of divorce, and therefore, that the petition for allowance of alimony was denied. It was further held that the appellant had a special equity in the ownership interest of the appellee as to the property in question, to the extent of $1,700.00, such being the amount expended after the di *67 vorce by the appellant and her daughter to maintain and improve the property. The court denied appellant’s claim of additional equity arising out of the expenditures she alleged that she made in connection with the purchase and improvement of the property prior to the divorce.
Appellant seeks reversal of the order appealed, contending first that the trial court erred in holding that the court had no jurisdiction to award lump-sum alimony to plaintiff because the final judgment of divorce contained the following language:
“This Court specifically reserves jurisdiction of this entire matter for enforcement of the provisions of this judgment and to enter such further orders as may be equitable, appropriate and just.”
We cannot agree with appellant’s contention.
It is obvious on the face of the final judgment of divorce that no request for permanent or lump-sum alimony was made by the appellant during the course of the trial proceedings. In fact, the record demonstrates that the first request for permanent or lump-sum alimony was made almost two years after the entry of the final judgment of divorce. In the case of Sobol v. Sobol, Fla.App.1961, 191 So.2d 68, this court, relying upon the case of Morrison v. Morrison, Fla.App. 1960, 122 So.2d 199, stated that:
“ ‘It is a settled principle of law in this state that a court of equity possesses no power to go back and grant a new right or impose a new duty unadjudicated in its former decree after it has become final and absolute.’ ”
Therefore, it appears to us that there could be no issue before the chancellor in regard to alimony and/or property rights in the proceedings of October 16,1969.
The second and final point raised is that: the refusal of the trial court to permit the plaintiff to present evidence predating the final judgment of divorce to establish her special equity in jointly held property was reversible error.
We hold that the trial judge was correct in limiting plaintiff’s claim to special equity arising from expenditures subsequent to the divorce.
Affirmed.