### FREYBE v. FREYBE.

No. 73-2045-CA(D).

Circuit Court, Palm Beach County.

October 30, 1973.

Paul J. Kulp, Boynton Beach, for the husband.

Harry A. Johnston, II, of Johnston, Lilienthal & Johnston, West Palm Beach, for the wife.

LEWIS KAPNER, Circuit Judge.

This cause is heard upon the husband's petition for alimony, property rights and other relief.

The wife contends that this court has no jurisdiction over questions of alimony and property rights as the parties are now divorced and these matters should be treated as res judicata.

The wife filed for divorce in this case on June 8, 1973. The husband failed to respond and a default was entered on July 9, 1973. The final judgment was entered on July 16, 1973. The wife in her petition sought no alimony and no adjudication as to property rights, although she did allege that she is the owner of lots 17 and 18, Las Palmas, Delray Beach, Florida, plat book 10, page 68. On September 17, 1973 the husband filed the current petition for alimony, property rights and other relief.

A final judgment in a dissolution of marriage settles all property rights of the parties and bars any action thereafter brought by either party to determine this question. 10A Fla. Jur., *Dissolution of Marriage, etc.,* §258; Vandervort v. Vandervort, 277 So.2d 43, 45; Sistrunk v. Sistrunk, 235 So.2d 53; Finston v. Finston, 37 So.2d 423; and McEachin v. McEachin, 154 So.2d 894.

The court in *Finston,* a landmark case on this question, held —

> "The doctrine of res adjudicata means that the judgment of a court of competent jurisdiction directly rendered upon a particular issue, is conclusive as to the parties and the issues decided in the same or any other controversy."

That court noted that it appeared "from the pleadings . . . that the property rights in question were before the court when the final decree was entered and were adjudicated."

Where, as here, the court has not specifically adjudicated property rights, the determination of whether a subsequent adjudication

is barred by res judicata will depend upon the circumstances in the particular case. A final judgment will settle only the property rights of parties which actually were, or "could and should have been introduced in the litigation." Cooper v. Cooper, 69 So.2d 881. See 24 Am. Jur. 2d, *Divorce and Separation*, §946, and Finston v. Finston, supra. If a court has no jurisdiction to determine a particular property right and does not do so, Thomas v. Thomas, Okla., 109 P. 825, 113 P. 1058, or if a court declines to adjudicate such rights because of practical difficulties, Delp v. Schiel Invest. Co., 354 P. 2d 299, or if such rights were not an integral part of the action and therefore not necessarily decided, Cooper v. Cooper, supra, then the issue is not res judicata.

Applying this law to the present case, the wife initially prayed for no adjudication of property rights, although she did allege that a certain parcel of real estate was owned entirely by her. If the husband claims to have a special equity in this real estate, he is now estopped from asserting it as this was a matter that "could and should have been introduced in the litigation." Any such interest he may have had derives solely from the marriage, and the final judgment necessarily operated as an adjudication of those rights. Whether the husband has a proper claim in any other property cannot be discerned from the husband's pleading.

The final judgment in this case contained a reservation of jurisdiction "for the entry of such other and further orders as may be just and equitable." While it may be possible for a court to reserve jurisdiction to establish or modify the property rights of the parties subsequent to the final judgment, see Farr v. Farr, 249 So.2d 761, Banks v. Banks, 98 So.2d 337, 340, and Sistrunk v. Sistrunk, supra, the reservation of jurisdiction in this case had no such effect.

The husband is also seeking alimony. Prior to the entry of the final judgment alimony was sought neither by the wife in her petition nor by the husband in his silence. The court was silent on this issue but reserved jurisdiction as above noted.

Where a final judgment is silent as to alimony the silence operates as an adjudication that no alimony is warrented. Comcowich v. Comcowich, 237 So.2d 66, Weiss v. Weiss, 118 So.2d 833. The husband here, by his unexcused failure to raise the issue prior to the entry of the final judgment, cannot now establish a right to alimony without, at the very least, alleging and proving a substantial change in circumstances.

F. S. 61.14 does not save the husband's complaint. That statute applies only in cases where "a party is required by court order to *make any payments.*" No modifications of final judgments are

184

authorized where an alimony obligation has not been created in the first instance. Weiss v. Weiss, supra.

Accordingly, it is thereupon ordered that the husband's petition is stricken and he shall have 15 days within which to file an amended petition.