GREEN, OLIVER L., Jr., Associate Judge.
The Appellant husband contends the Court below was without jurisdiction to grant the Appellee wife financial relief in the form of a property award and alimony. We agree. The Appellant also contends the question of an award to Appellee’s attorney should be reevaluated in light of the inappropriate order awarding the wife personal financial relief. We agree.
The parties, previously married, were divorced on February 19, 1974 in the state of New York. The Findings and Judgment entered there recite sufficient allegations to warrant a conclusion that the New York Court had jurisdiction to determine issues of financial relief to the Appellee personally as well as for the minor children of the parties. The New York Judgment neglected to pass upon either of these subjects even to the extent of retaining jurisdiction.
The Appellee thereafter filed, in the case below, a Petition for Support for herself and the children, attaching the aforementioned New York Findings and Judgment. The Appellant unsuccessfully moved to dismiss the Petition. It was correctly held below that the Petition was sufficient for the purpose of an award for the support of the children. Unfortunately, the Court subsequently entered an award also allowing the Appellee alimony and certain sums for the purchase of an automobile. The Appellee was also awarded a sum of money for the services of her attorney in securing this relief.
The law of Florida does not allow a divorced wife to seek personal financial relief based solely upon the marriage relationship unless she has not previously had the legal opportunity to litigate this issue or the opportunity to thus litigate was suspended by an Order appropriately retaining jurisdiction. Frohock v. Frohock, 117 Fla. 603, 158 So. 106, 107 (1934); Comcowich v. Comcowich, 237 So.2d 66 (Fla. 3d DCA 1970); DuVernoy v. DuVernoy, 202 So.2d 620 (Fla. 1st DCA 1967); Dings v. Dings, 161 So.2d 227 (Fla. 3d DCA 1964); Morrison v. Morrison, 122 So.2d 199 (Fla. 1st DCA 1960); Weiss v. Weiss, 118 So.2d 833 (Fla. 3d DCA 1960).
The award of fees to the Appellee’s attorney was based, in part, upon his efforts to secure financial relief directly to the Appel-lee. This is implicit in the testimony of the expert called to evaluate the efforts of the Appellee’s attorney.
We therefore reverse paragraph four of the Final Judgment for Petition for Support wherein the Appellee was awarded the sum of One Thousand ($1,000.00) Dollars towards the purchase of an automobile. We also reverse paragraph six of said Final Judgment for Petition for Support awarding Appellee permanent alimony.
We direct that the trial Judge below reevaluate the award to Appellee’s attorney, as provided for in paragraph five in said Final Judgment for Petition for Support, in light of our opinion.
We are mindful that the Court below may well have taken into consideration the award being made directly to Appellee in computing the sum awarded as support for the children. We therefore hold that the Court below may reevaluate the award for support of the children, and may also consider the transportation needs of the Appel-lee, as the same shall relate to the maintenance of said children. The Final Judgment for Petition for Support is affirmed, in part, and reversed, in part.
AFFIRMED, in part; REVERSED, in part.
DOWNEY and DAUKSCH, JJ., concur.