OTT, Acting Chief Judge.
The Cadens and Hudsons appeal several post-judgment orders of the trial court. The Cadens and Hudsons each appeal an order which denied their separate motions to assess certain damages that allegedly accrued after the entry of the final judgment. The Hudsons also appeal an order *277 which denied their motion for relief from judgment.[1] The trial court denied the motions on the basis of lack of jurisdiction. For the reasons stated below, we affirm.
In 1979 the Hudsons purchased certain real property from the Cadens. The Ca-dens received a balloon note and mortgage from the Hudsons for a portion of the sale price. At the Cadens’ request, appellee Safeco Title Insurance Company (Safeco) actually prepared the balloon note and mortgage. In doing so, Safeco failed to include in the mortgage the statutory legend mandated by section 697.05, Florida Statutes (1979).
In 1982 the Cadens filed a complaint against the Hudsons, seeking reformation of the mortgage to include the required legend. Pursuant to section 697.05(4), the Hudsons counterclaimed, seeking the return of all the interest they had paid and attorney’s fees. The statute essentially provides that a mortgagee (the Cadens) who fails to include the required legend forfeits the entire interest charged to the mortgagor (the Hudsons). See § 697.05(4), Fla.Stat. (1979).[2] The Cadens answered the counterclaim and asserted a third-party complaint against Safeco seeking indemnification for any damages which the Hud-sons might recover.
Both the Cadens and Hudsons filed motions for judgment on the pleadings. The trial court granted the Hudsons’ motion on their counterclaim, and also granted the Cadens’ motion on their third-party complaint against Safeco. The second amended final judgment further provided that Safeco had twenty days within which to purchase the mortgage and note from the Cadens for the then outstanding principal balance of $48,700.86. If Safeco failed to purchase the mortgage within twenty days of the judgment, then the parties could set a further hearing “if necessary.” The judgment also specifically reserved jurisdiction to enter any necessary orders.
Safeco chose not to purchase the note and mortgage. Instead, it appealed the judgment to this court, arguing that the trial court erred in strictly enforcing the harsh provisions of the balloon mortgage statute. On appeal, this court affirmed the trial court’s judgment without opinion. Safeco Title Insurance Co. v. Caden, 450 So.2d 497 (Fla. 2d DCA 1984).
Following the receipt of this court’s mandate on the first appeal, the Cadens filed in the trial court a motion to assess damages, seeking, among other things, the value of the interest they had lost since the date of final judgment, together with the present value of all future interest for the life of the note and mortgage. The basis for these damages was Safeco’s failure to purchase the mortgage and note pursuant to the final judgment.
The Hudsons also filed a post-judgment motion to reassess damages, which sought, among other things, to require Safeco to purchase the defective mortgage and note or to pay damages for the present value of the Cadens’ lost future interest. Apparently, by this motion the Hudsons were seeking to have all the interest since the final judgment and through the life of the note and mortgage reassessed as their damages against the Cadens. Presumably, Safeco would then be required to indemnify the Cadens for such damages.
*278 The Hudsons also filed a motion for relief from judgment alleging Safeco misrepresented that it would purchase the defective mortgage and note, and as a result of that misrepresentation, the Cadens and Hudsons were precluded from obtaining the relief for which the final judgment provided.
The trial court denied each of these motions on the basis that it lacked jurisdiction of any such claims. These appeals followed.
With respect to the Cadens’ motion to assess the lost future interest on the mortgage and note, we first observe that their third-party complaint against Safeco did not seek any lost future interest. Their complaint only sought indemnification for such damages as the Hudsons might recover, which relief they were granted. Further, neither section 697.05 nor the final judgment provide for or allow acceleration of future interest. As such, the trial court properly concluded that it had no jurisdiction in this action to award further damages which had accrued since the judgment or which might accrue in the future. This is so, despite the trial court’s specific retention of jurisdiction to enter any further necessary orders. See Superior Uniforms, Inc. v. Brown, 221 So.2d 214 (Fla. 3d DCA 1969); Augusta Corp. v. Strawn, 174 So.2d 621 (Fla. 3d DCA 1965). Therefore, the trial court’s denial of this motion is affirmed. Under the facts of this case, it would appear, as the trial court recognized, that the Cadens would have to assert a separate action to recover such losses.[3]
With respect to the Hudsons’ motions pertaining to the lost future interest on the defective note and mortgage, we find that they are not the proper parties to challenge Safeco’s failure to purchase the note and mortgage, or any loss which might result therefrom. Any action for the lost interest accruing since the final judgment and thereafter would belong to, if anyone, the Cadens, not the Hudsons. As such, the Hudsons cannot complain about any loss which the Cadens have or might suffer. Accordingly, we affirm the trial court’s orders denying the Hudsons’ motions.
Having found no reversible error, all of the trial court’s orders are hereby AFFIRMED.
LEHAN and FRANK, JJ., concur.

. The Hudsons also claim that the trial court erred in denying or dismissing their supplemental complaint filed pursuant to Florida Rule of Civil Procedure 1.110(h). There is nothing in the record which evidences that the trial court has ruled on this complaint; therefore, the issue is not properly before us.

. Specifically, section 697.05(4) provides:
(4) Any mortgagee, creditor, bona fide holder, assignee, transferee, endorsee, or any agent, officer, or other representative of any such person violating the provisions of this section shall forfeit the entire interest charged, contracted to be charged or reserved under any such mortgage written in violation of this section, and only the principal sum of such mortgage can be enforced in any court in this state, either at law or in equity. Any interest, collection charge or attorney fee that has been paid or reserved or contracted for, either directly or indirectly, shall be forfeited to the person or mortgagor presently obligated under such mortgage.

. Whether section 697.05 or the facts and circumstances of this case affords the Cadens an independent right of recovery for such future losses is not before us, and we are not to be understood as expressing any opinion thereon.