POLEN, Judge,
dissenting.
I disagree that de Jesus Paris v. Bollon, 503 So.2d 1387 (Fla. 4th DCA 1987) limits the trial court’s ability to award child support for a period prior to the petitioner’s April 19, 1993 petition, under the facts of this case. Unlike the earlier decree in de Jesus, which (erroneously) denied child support, but was not appealed, here the 1990 decree was silent as to any obligation for child support[1]. In Amend v. Amend, 341 So.2d 1038 (Fla. 4th DCA 1977), this court approved an award of support for the children where a prior New York decree was silent as to that issue. However, the Amend opinion does not reflect whether or not the child support award was retroactive to the filing of the Florida petition. But see Fowhand v. Piper, 611 So.2d 1308 (Fla. 1st DCA 1992), where the court allowed an award of child support prior to *586 the filing of the petition in a paternity proceeding. I don’t see why the same result should not obtain here.
Alternatively, at the very least, I would reverse for an award of child support for the period from April 19, 1993 through September 1,1993. Even if the trial court agreed to defer enforcement of support for that period, because of the father’s alleged disability, he agreed that he should support his children, and any award attributable to that four and one-half month period could accrue to a later time when appellee was able to pay. For these reasons, I respectfully dissent.

. We are told the reason may have been that the former husband was in jail in 1990, but I do not believe the reason for the 1990 decree’s silence as to child support — not even a reservation of jurisdiction — should affect the children's right to support, de Jesus.