# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0812
Lower Tribunal No. 22-CA-000599

_____

LUKE JOHNSON, as Trustee of the DORIS LINDA TRAPNELL LIVING TRUST DATED OCTOBER 15, 2013,

Appellant,

v.

JESSICA WOLTER, as beneficiary of the DORIS LINDA TRAPNELL LIVING TRUST DATED OCTOBER 15, 2013, and JEFFERY ALLEN TRAPNELL,

Appellees.

_____

Appeal from the Circuit Court for Lee County.
Joseph Fuller, Judge.

December 5, 2025

GANNAM, J.

Luke Johnson, as trustee of the Doris Linda Trapnell Living Trust, prevailed in a breach of trust action brought by trust beneficiary Jessica Wolter. The final judgment provides that "[e]ach party shall be responsible for their own respective attorney's fees and costs" and that the trial court "reserves jurisdiction to enter further orders as it deems necessary." Wolter filed a motion to enforce the final judgment, claiming that Johnson's final trust accounting revealed he "is not bearing

his own attorney's fees but charging those fees to the trust." The trial court granted the motion after a hearing, concluding, "If Luke Johnson, as the Trustee, were to be permitted to pay his attorney's fees from trust funds, such action would not be in compliance with the Final Judgment," and ordering, "Johnson shall pay his own attorney's fees and costs and is not permitted to pay his attorney's fees and costs from trust funds."

Johnson appeals the enforcement order, claiming the final judgment and Florida Trust Code entitle him to pay from trust assets his attorneys' fees and costs incurred in his successful defense of Wolter's breach of trust action.[1] We review de novo the trial court's interpretation of its final judgment and the trust statutes. *See Boynton v. Canal Auth.*, 311 So. 2d 412, 415 (Fla. 1st DCA 1975) ("The legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, and this presents a question of law for the Court." (citing *Zalka v. Zalka*, 100 So. 2d 157 (Fla. 1958))); *Orosco v. Rodriguez*, 376 So. 3d 92, 94 (Fla. 6th DCA 2023) ("[A] trial court's interpretation and application of a statute

---

[1] The enforcement order is a final order for purposes of our jurisdiction under rule 9.030(b)(1)(A). *See Clearwater Fed. Sav. & Loan Ass'n v. Sampson*, 336 So. 2d 78, 79 (Fla. 1976) ("Where an order after judgment is dispositive of any question, it becomes a final post decretal order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment . . . .").

is reviewed de novo."). Because the trial court imposed a new restriction on Johnson that is contrary to the Florida Trust Code and not in the final judgment, we reverse.

Under the Florida Trust Code, ch. 736, Fla. Stat., when a pleading asserting a breach of trust claim is "withdrawn, dismissed, or judicially resolved in the trial court without a determination that the trustee has committed a breach of trust," the trustee who successfully defended the breach of trust claim "is authorized to use trust assets to pay attorney fees and costs" incurred in the defense without notice to beneficiaries or order of the court. § 736.0802(10)(g), Fla. Stat. (2023). Under section 736.0201(6)(a), such payment "does not constitute taxation of costs or attorney fees" requiring a motion under Florida Rule of Civil Procedure 1.525. The final judgment's provision that "[e]ach party shall be responsible for their own respective attorney's fees and costs" prohibits Johnson from recovering his attorneys' fees and costs *from Wolter* by way of a rule 1.525 motion, and vice versa. But the fee provision in the judgment does not prohibit Johnson, as trustee, from paying his own attorney's fees and costs from trust assets without notice or court approval as expressly authorized by the Florida Trust Code.

The trial court's reservation of jurisdiction to enforce the final judgment does not authorize the court to impose a new restriction on Johnson's payment of his attorneys from trust assets that is not stated in the final judgment. *See Superior Uniforms, Inc. v. Brown*, 221 So. 2d 214, 215 (Fla. 3d DCA 1969) ("A court has the

3

power to enforce its judgments by appropriate action . . . . But it does not have the power to impose upon a party a new duty not previously adjudicated." (citing *Augusta Corp. v. Strawn*, 174 So. 2d 621, 624 (Fla. 3d DCA 1965))). Accordingly, we reverse the order on appeal and remand for the trial court to enter an order denying Wolter's enforcement motion.

REVERSED and REMANDED with instructions.

WOZNIAK and SMITH, JJ., concur.

T. Brandon Mace, of Kemp & Mace, P.A., Fort Myers, for Appellant.

Richard M. Ricciardi, Jr., of Your Advocates, P.A., Fort Myers, for Appellee, Jessica Wolter, as beneficiary of the Doris Linda Trapnell Living Trust dated October 15, 2013.

No Appearance for Appellee, Jeffery Allen Trapnell.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED