287 So.2d 119 (1973)
Marvin L. ELKINS, Appellant,
v.
A. Virginia ELKINS, Appellee.
No. 73-1142.
District Court of Appeal of Florida, Third District.
December 18, 1973.
*120 William J. Pruitt, Miami, for appellant.
Irene Redstone, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant by way of interlocutory appeal seeks review of an order denying his motion to vacate the chancellor's order of May 17, 1973, wherein the court took jurisdiction of a petition for postjudgment proceedings.
On October 7, 1970 appellee, Virginia Elkins, was granted a divorce and appellant, Marvin Elkins, was ordered to pay plaintiff one monthly trailer payment for the month of October, 1970 and as alimony $50 per month for one year beginning November 1970. The judgment of divorce did not provide for retention of jurisdiction over the parties or the subject matter.
On November 10, 1971 appellee filed a petition to modify final judgment of divorce in which she sought the court to enter an order directing appellant to pay her monthly trailer payments until further order of the court. On January 3, 1973, the chancellor issued a rule to show cause. In response thereto, appellant filed a motion to dismiss the petition and to vacate the rule to show cause. After hearing arguments of counsel, the chancellor found that defendant had fully complied with the court's order of October 7, 1970, and further that there was no order of retention of jurisdiction. Thereupon, the petition for modification was dismissed without prejudice and the rule to show cause vacated. Subsequent thereto, on July 12, 1972 the appellee filed another petition to modify final judgment of divorce and sought an award of additional alimony. After hearing argument of counsel for the respective parties, the chancellor dismissed with prejudice appellee's petition on September 8, 1972. However, on May 17, 1973 after a hearing was held on a motion for rehearing, the order of September 8, 1972 was set aside and the chancellor granted the motion of appellee to hear the merits of the petition to modify final judgment of divorce of July 12, 1972. Appellant then filed a motion to vacate the order of September 12, 1973 which was denied. This interlocutory appeal followed.
Appellant argues that where the court has not retained jurisdiction in a divorce action and appellant has performed completely all which he was ordered to do, the court cannot lawfully invoke jurisdiction in postjudgment proceedings. We agree.
A chancellor is not required as a matter of law to reserve jurisdiction to award periodic alimony in the future, rather it is a matter within his discretion. Poe v. Poe, Fla.App. 1972, 263 So.2d 644.
In the case sub judice, the chancellor in a proper exercise of his discretion in light of the record presented decided to grant appellee alimony for a period of one year without reserving jurisdiction to award periodic alimony in the future. The *121 appellant having performed completely all that was required of him by the October 30, 1970 judgment and the court not having retained jurisdiction of the parties or the subject matter, we find that the divorce litigation in the instant case has been terminated and, therefore, the court was without jurisdiction to entertain postjudgment proceedings. If appellant felt that the chancellor had abused his discretion in not retaining jurisdiction, she should have filed a timely appeal from the October 30, 1970 judgment of divorce. See, e.g., McGarry v. McGarry, Fla.App. 1971, 247 So.2d 13; Schwarb v. Schwarb, Fla.App. 1972, 259 So.2d 745.
Accordingly, we reverse the chancellor's order denying appellant's motion to vacate the order of May 17, 1973 and remand the cause with directions to reinstate the order of September 8, 1972 dismissing with prejudice the petition to modify final judgment of divorce of July 12, 1972.
It is so ordered.