338 So.2d 916 (1976)
Virginia Ellen BROWN, Appellant,
v.
John Edward BROWN, Appellee.
No. 76-274.
District Court of Appeal of Florida, Second District.
November 3, 1976.
*917 Clara J. Cafaro of Martin J. Jones, P.A., Lance Andrews, St. Petersburg, for appellant.
Martin E. Rice of Harris, Clark, Green & Piper, St. Petersburg, for appellee.
GRIMES, Judge.
This is an appeal from an order dismissing a petition for modification of a judgment of dissolution on grounds of lack of jurisdiction.
In the final judgment of dissolution, the wife was awarded temporary alimony of $75 per week until further order of the court. The judgment also included the following provision:
"6. The Court retains jurisdiction of this cause to enter such further orders as may be required to enforce this judgment, and after disposition is made as to the pending personal injury claim of petitioner, and further upon petitioner reaching some sort of maximum medical improvement, and upon motion of either party, the Court would then decide the permanent custody of said minor children, and any need for permanent alimony for petitioner."
In August of 1974 the husband filed a motion to modify the judgment by eliminating the provision for alimony. As a basis for his motion, the husband asserted that the wife had reached maximum medical improvement, had settled her personal injury claim and no longer needed alimony. Following a hearing, the court entered an order stating that the temporary alimony payments should continue until October 18, 1975, "at which time they shall terminate."
On June 25, 1975, the court entered an order adjudging the husband to be in contempt for failing to pay alimony payments which were then in arrears by $1,200. The court sentenced the husband to jail but suspended the sentence providing the husband "pays to the Petitioner VIRGINIA ELLEN BROWN, the sum of $100.00 per week, twenty-five Dollars of which is to be applied to the $1,200.00 arrearage and providing further that he continues to make said payments until the arrearage of $1,200.00 has been satisfied." On January 16, 1976, the wife filed a motion for order of contempt for failure to comply with the June 25, 1975, order and a petition for modification of final judgment asserting that she was totally disabled and unable to support herself without alimony and seeking an order requiring the husband to pay her alimony of $75 per week. The court entered an order granting the husband's motion to dismiss the petition for modification for the following reasons stated therein:
"1. The previous Order granting Modification of the Final Divorce Decree did not expressly retain jurisdiction over the cause and that this Court does not have jurisdiction unless specifically retained despite possible changes in circumstances which would justify modification.
"2. The fact that the Respondent had not fully satisfied a previous court order regarding payment of arrearage and was *918 still paying arrearage, did not give the Court jurisdiction for purpose of Petition for Modification."
Where there is no provision for alimony in a judgment of dissolution and no reservation of jurisdiction for this purpose, the court is without jurisdiction to later entertain a petition for alimony. Weiss v. Weiss, 118 So.2d 833 (Fla.3d DCA 1960). On the other hand, even if the final judgment does not contain a provision for alimony, jurisdiction may properly be reserved to consider a petition for alimony at a later date. Poe v. Poe, 263 So.2d 644 (Fla.3d DCA 1972). Where permanent alimony is awarded, the court is always open to hear a petition for modification. Kosch v. Kosch, 113 So.2d 547 (Fla. 1959). However, if alimony is provided for a terminable period, as in the case of rehabilitative alimony, once the alimony has been paid pursuant to the order, the court no longer has jurisdiction to award additional alimony. Elkins v. Elkins, 287 So.2d 119 (Fla.3d DCA 1973); see Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975).
Applying the foregoing principles to this case, we find that the original judgment of dissolution not only ordered alimony but retained jurisdiction for further consideration of this subject. The following year the court decided to continue the alimony payments for one additional year. We construe this provision to be in the nature of rehabilitative alimony terminable on October 18, 1975. This order appears to be the accomplishment of what the court had in mind when jurisdiction was reserved in the final judgment. Therefore, in the absence of a further reservation of jurisdiction, we cannot say that the original reservation carried beyond the entry of the 1975 order. Consequently, the court was correct in concluding that it had no jurisdiction to entertain a petition for additional alimony which was filed subsequent to October 18, 1975, unless such jurisdiction was preserved either by the entry of the June 25, 1975, order or by the fact that the husband was still in arrears in his alimony payments when the petition for modification was filed.
If the order of June 25, 1975, could be considered as a further order of modification of the alimony payments and if the provision whereby the husband was required to pay $100 per week was construed to require only a $25 weekly payment against the arrearages once the alimony termination date of October 18, 1975, had been reached, then it could be said that the petition for modification was filed within the period of time that alimony payments were still being ordered to be paid. However, the language of the June 25, 1975, order does not support this interpretation because it is clearly a contempt order directed to the enforcement of the payment of back alimony rather than a modification of the amount of duration of the alimony payments.
Therefore, we must consider whether the court still had jurisdiction to entertain a petition for alimony at a time beyond the temporary alimony termination date by reason of the fact that the husband was still in arrears in the payment of the alimony which had been previously ordered. No cases have been cited which are directly on point. However, the language of Elkins v. Elkins, supra, lends support to the view that the court still had jurisdiction to act until the husband had fully complied with his obligation to pay alimony. In that case the court ordered monthly alimony payments for one year beginning in November of 1970 and did not retain jurisdiction for any other purpose. In 1972 the wife filed a petition for modification seeking an award of additional alimony. At the hearing the chancellor found that the husband had fully complied with the court's original order and dismissed the petition. In affirming, the District Court of Appeal said:
"Appellant argues that where the court has not retained jurisdiction in a divorce action and appellant has performed completely all which he was ordered to do, the court cannot lawfully invoke jurisdiction in postjudgment proceedings. We agree." (Emphasis supplied.)
In the instant case, the court obviously had jurisdiction over the subject of *919 alimony to the extent of being able to enforce the nonpayment thereof through an order of contempt. So long as jurisdiction existed for this purpose, we hold that the court also had jurisdiction to consider a petition for modification directed to obtaining additional alimony pursuant to Section 61.14, Florida Statutes (1975). A spouse who is behind in the payment of alimony can hardly be heard to complain that his wilful failure to carry out his original alimony obligations has had the effect of extending the period of time within which the court is entitled to consider a request for further alimony predicated upon need and the ability to pay.
REVERSED.
HOBSON, A.C.J., and GOBBIE, EVELYN, Associate Judge, concur.