WIGGINTON, Judge.
Appellant/husband appeals the trial court’s order modifying a dissolution judgment by awarding appellee/wife permanent periodic alimony in the amount of one-half of appellant’s net retirement income from the United States Air Force. Wife cross appeals the trial court’s denial of her request for attorney’s fees. We affirm.
In the Final Judgment of dissolution of marriage, entered January 3, 1980, wife was awarded custody of the three minor children and possession of the marital home until its sale. Husband was required to provide to wife support of $300 per month per child and to pay wife’s half of the mortgage payment on the marital home as temporary rehabilitative alimony. No other alimony was awarded. The court expressly reserved jurisdiction to enter “such further orders as may be necessary and proper regarding child custody, child support, and alimony.”
In February, 1981, the court, finding there had been a sufficient change in circumstances, entered a modification order terminating husband’s obligation for rehabilitative alimony. The court did not mention any reservation of jurisdiction over the parties in that order.
In November, 1981, wife filed a petition for modification, alleging a change in circumstances and seeking an award of permanent and/or rehabilitative alimony. Husband moved to dismiss the petition on the ground that since the obligation to pay alimony had expired as of the February 1981 order, the court no longer had jurisdiction over the cause. In denying the motion, the trial judge stated:
It is this Court’s understanding that the posture of the law is that if the court expressly reserves the question of alimony that it is permanent as long as there is any obligation to pay anything. Once the child support has gone out, then the question of alimony is gone. That’s my understanding of the posture of the law.
At the modification hearing in April, 1982, husband testified that his net income had substantially increased since February, 1981, to approximately $4,100, and that his net military retirement income was $350 per week. Wife testified that at the time of the February, 1981 modification, her total net income per month was approximately $1,000. At that time she was working and also was receiving child support payments ($300 per month per child for two children). However, since that time, the youngest child had been killed in an aeci-•dent and, as a result of her distress over the child’s death, wife was unable to perform her job and was fired. Thus, she neither had her $500 per month salary nor received the $300 per month child support for the deceased child. Her monthly income, therefore, had decreased by $800. She testified that she had sought employment but had been unsuccessful. The trial court granted wife’s request for permanent periodic alimony and increased support for the remaining child to $350 per month but denied her request for attorney’s fees.
Husband first argues that the trial judge did not have jurisdiction to order him to pay permanent periodic alimony since the February, 1981 modification order did not expressly reserve jurisdiction on the alimony question. Husband's position is that the broad yet specific reservation of jurisdiction in the original judgment of dissolution did not survive the modification order. We disagree.
The broad language of the reservation of jurisdiction in the original judgment distinguishes the circumstances of this case from the circumstances of the cases relied upon by appellant in which modifications regarding alimony were not allowed. We find that in Stickney v. Stickney, 377 So.2d 187 (Fla. 1st DCA 1979) and Elkins v. Elkins, 287 So.2d 119 (Fla. 3d DCA 1973), unlike here, the trial courts never reserved jurisdiction to award permanent alimony in the future. In Brown v. Brown, 338 So.2d 916 (Fla. 2d DCA 1976), the trial judge retained *513 jurisdiction for further consideration of alimony when the wife reached maximum medical improvement from an inj'ury and pending disposition of her personal injury claim. The following year, the husband moved for modification alleging that the wife had reached maximum medical improvement and had settled her personal injury claim. The trial court continued alimony payments for an additional year “at which time they shall terminate.” In Brown, the court specifically found that the modification order appears
to be the accomplishment of what the court had in mind when jurisdiction was reserved in the final judgment. Therefore, in the absence of a further reservation of jurisdiction, we cannot say that the original reservation carried beyond the entry of the 1975 order.
The modification in Brown was allowed on other grounds. In the instant case, the trial judge’s February, 1981 modification order terminating rehabilitative alimony did not indicate that the initial preconceived comprehensive plan of this couple as presented to and accepted by the trial judge had then been accomplished. To the contrary, as shown by the trial court’s statement in denying the motion to dismiss, the trial judge did not intend that his February, 1981 order extinguish his previous broad reservation of jurisdiction. Consequently, his reservation of jurisdiction survived the February, 1981 modification and, within his broad discretion to achieve equity, he had the authority to award permanent periodic alimony on modification. Compare Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Husband also argues that the trial court’s award of permanent periodic alimony is not supported by competent substantial evidence. We disagree. The record contains adequate evidence of a change in circumstances, wife’s need, and husband’s ability to pay the permanent alimony awarded.
We find no abuse of discretion in the trial court’s denial of wife’s request for attorney’s fees at trial.
Accordingly, the Order of Modification, in all respects, is AFFIRMED.
BOOTH and NIMMONS, JJ., concur.