ORFINGER, Chief Judge.
The appellant contends on this appeal that a trial court has jurisdiction to consider a petition to modify and extend an award of rehabilitative alimony, although filed after the rehabilitative period has expired, but during the time the husband has not fulfilled his financial obligation under the original order and is in arrears in his payments. The trial court dismissed the petition for lack of jurisdiction. We reverse.
The final judgment dissolving the marriage of appellant-wife Jutta Anderson and appellee-husband William J. Anderson was entered November 7, 1980. It awarded the wife $34.88 per week as rehabilitative alimony to commence on Friday, October 31, 1980, and to continue each and every week thereafter for a period of seventy-eight weeks (eighteen months), or until April 23, 1982.
On August 6, 1982, Jutta filed a Petition for Modification of Child Support and of Rehabilitative Alimony, alleging changed circumstances and requesting additional alimony and child support. The count for additional child support is not involved in this appeal.
Appellee moved for dismissal of the claim for additional alimony on the basis that the Petition for Modification had been filed after the rehabilitative period had expired under the terms of the final judgment. The trial court entered a final order of dismissal on the ground that it lacked jurisdiction to consider the petition because it had not been filed within the period of time the rehabilitative alimony was to be paid.
The record reveals that the husband was seriously in arrears in his alimony payments at the time the rehabilitative period expired, and at the time the petition for modification was filed. Appellant argued to the trial court, as she does here, that while the payments were in arrears, the judgment for alimony was still “executory”, and the petition for modification was thus timely filed. The trial court disagreed, and entered a final order dismissing the count requesting modification of alimony.
Appellant-wife contends that even though the period for payment of her rehabilitative alimony had expired, the lower court still had jurisdiction to consider her petition for modification of the alimony because the husband was in arrears and had not completed payment of his alimony obligation as required by the final judgment of dissolution. In so arguing, appellant acknowledges the well-settled rule that so long as the petition for modification is filed before the rehabilitative period has expired, the trial court continues to have subject-matter jurisdiction to hear and decide the issues raised by the petitioner even after the rehabilitation period has run. Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981); Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975).
However, as appellant notes, none of these cases address the issue presented here with regard to whether the court retains jurisdiction to entertain a petition for modification where the paying spouse is in arrears and the period for payment of alimony under the final judgment of dissolution has expired. Consequently, appellant looks to Brown v. Brown, 338 So.2d 916 (Fla. 2d DCA 1976), for support. In Brown, the wife was awarded temporary alimony of $75.00 per week until further order of the court. The court retained jurisdiction to enter such further orders as may be re *512 quired to enforce the judgment. Subsequently, following the motion for modification of the judgment by the husband, the trial court entered an order requiring that temporary alimony payments continue until October 18, 1975, “at which time they shall terminate.” On .June 25, 1975, the court entered an order adjudging the husband to be in contempt for failing to make his alimony payments. He was then in arrears by $1200.
The trial court dismissed the petition for modification for lack of jurisdiction. In reversing, the district court held:
In the instant case, the court obviously had jurisdiction over the subject of alimony to the extent of being able to enforce the non-payment thereof through an order of contempt. So long as jurisdiction existed for this purpose, we hold that the court also had jurisdiction to consider a petition for modification directed to obtaining additional alimony pursuant to Section 61.14, Florida Statutes (1975). A spouse who is behind in the payment of alimony can hardly be heard to complain that his wilful failure to carry out his original alimony obligations has had the effect of extending the period of time within which the court is entitled to consider a request for further alimony predicated upon need and the ability to pay. Id. at 918-19.
While there appears no valid contempt order here, the record adequately reflects the existence of arrearages, and any dispute as to that issue can be resolved by the trial court. Appellee contends, however, that jurisdiction should not be made to depend on the action or inaction of one of the litigants, citing Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982), as support. Pujáis agreed with our holding in Myrick, supra, that jurisdiction to modify existed when the petition was filed prior to the expiration of the rehabilitation period, although not heard until later, and that the early payment by the husband of the last installment did not shorten the jurisdictional period. We agree with the statement in Pujáis that the action or inaction of the parties does not confer jurisdiction on the court. We find jurisdiction here in the language of section 61.14, which provides, in pertinent part:
(1) When the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed or the child or children who are beneficiaries of an agreement or court order as described herein have reached the age of 18 years since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
•⅜ sfc # ⅝: ⅜ ⅝
(3) This section is declaratory of existing public policy and of laws of this state which are hereby confirmed in accordance with the provisions hereof. It is the duty of the circuit court to construe liberally the provisions hereof to effect the purposes hereof, (emphasis supplied).
Thus, we concur with the result reached in Brown, that the trial court continues to have jurisdiction to modify a rehabilitative alimony award even when the petition is filed after the rehabilitative period has expired, so long as court ordered payments remain due and unpaid. Under these circumstances, the delinquent party is “re *513 quired by court order to make [these] payments” so jurisdiction to modify has not been terminated. This construction fulfills the public policy of the statute in that it encourages timely compliance with court ordered support obligations.
The order appealed from is reversed and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents without opinion.