PER CURIAM.
We may not reverse a financial aspect of a final judgment of dissolution of marriage unless the complaining spouse meets the heavy burden of showing a clear abuse of discretion by the trial judge.[1] Mindful of that standard, we reverse that portion of the judgment before us setting the amount of rehabilitative alimony and remand this case for entry of an order which awards the wife no less than $50.00 per week for the entire rehabilitative period.[2] For this purpose the trial court may take additional testimony concerning the present status of the parties. In all other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SCHEB, A.C.J., and OTT and DANAHY, JJ., concur.

. Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).

. While we have some doubt about the one-year rehabilitative period ordered by the trial court, that period is still in effect. If necessary, the wife may demonstrate to the trial court, if that be the fact, that the goals of rehabilitation have not yet been met. Anderson v. Anderson, 438 So.2d 510 (Fla. 5th DCA 1983); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975).