SHARP, Judge.
Camps appeals from an order dated September 28,1983, which required him to pay $1,184.00, representing past child support, to the Department of Health and Rehabilitative Services (HRS). He argues that this judgment is barred by the doctrines of merger or res judicata, because HRS obtained a prior judgment in the same proceeding against him, dated March 11, 1982, which failed to include past support. We agree and reverse.
HRS paid public assistance for the benefit of Carla Faye Jamerson from the time of her birth. Pursuant to section 409.2561, Florida Statutes (1988), HRS filed suit against Camps to establish that he was Carla’s father, and to obtain reimbursement of public moneys expended by it on behalf of Carla. The March 11, 1982 judgment declared Camps was Carla’s father and it required him to pay $60.00 per month for her support, beginning on April 2, 1982. Months later, and purportedly filed in the “same proceeding,” HRS filed a motion for repayment of public assistance monies it had paid for Carla from the date of her birth through the time it filed the paternity suit.
These proceedings were brought pursuant to section 409.2561, Florida Statutes (1983), which provides that any payment of public assistance money for the benefit of a dependent child creates an obligation owing to HRS by the responsible parent.[1] It becomes, in effect, a subrogee to the child’s rights (or its parent or guardian) to recover support.[2]
Section 409.2561(1) provides in part; Any payment of public assistance money made to, or for the benefit of, any dependent child creates an obligation in an amount equal to the amount of public assistance so paid. If there has been a prior court order or final judgment of dissolution of marriage establishing an obligation of support, the obligation is limited to the amount provided by such court order or decree. The responsible parent must voluntarily discharge the obligation pursuant to the terms of the court order or decree.... If there is no prior court order establishing an obligation of support, the court shall establish the liability of the responsible parent, if any, for reimbursement of public assistance moneys paid.
Camps argues that the statute limits HRS from obtaining an award for past child support because none was provided for in the prior March 11th order. Had the March 11th order set a different sum for *1142 past support, we would agree. However, since it was silent on that item of support, we do not think the statute is applicable as a limitation on amount.
However, we think HRS is barred by the doctrines of res judicata and merger. See RESTATEMENT (SECOND) OF JUDGMENTS § 18 (1982). Both proceedings were brought by HRS as a subrogee to recover child support for Carla. It was a real party in interest in both, given the fact that it had paid public assistance for Carla during the continuum of times involved in both suits. To establish its standing to bring the first action, it was incumbent upon HRS to prove prior payments it had made. Therefore, the two actions involve the same parties and the same cause of action or thing sued for.
In the first suit when paternity was determined and a future support award was obtained, HRS clearly could have then sought to be reimbursed for support it had previously paid for this child from birth to the time of that suit. However, HRS did not ask for past support in that suit, but simply asked for and obtained a future support award.
The result in this case should be consistent with other domestic relations litigation. A person to whom support or alimony is owed by another, is allowed to bring but one suit to recover all of the funds owing at the time the suit is filed.[3]
Accordingly, the order appealed is
REVERSED.
COBB, C.J., concurs.
COWART, J., dissents with opinion.

. Section 409.2561 consists of three interrelated provisions: subparagraph (1) directs that HRS obtain, from those responsible parents who have the ability to pay, reimbursement for public assistance monies expended to benefit dependent children, while, at the same time, giving priority to securing continuing reasonable child support from the reasonable parent; sub-paragraph (2) specifies that any judicial determination of the responsible parent’s liability to repay HRS be based on the parent’s ability to pay; and subparagraph (3) provides that the acceptance of public assistance effects an assignment to the state of the recipient’s interest in child support in the amount of public assistance paid and allows the state to act for the recipient in all matters relating to child support, including the pursuit of civil remedies to enforce the support obligation. See Lamm v. Chapman, 413 So.2d 749 (Fla.1982).

. §§ 409.2561(3) & (4), Fla.Stat. (1983).

. The law does not permit the owner of a single or entire cause of action to divide or split that cause of action so as to make it the subject of several actions, without the consent of the defendant. See 1 Fla.Jur.2d Actions, § 56 (1977). See also Mims v. Reid, 98 So.2d 498 (Fla. 1957); Brown v. Brown, 338 So.2d 916 (Fla. 3d DCA 1976); Elkins v. Elkins, 287 So.2d 119 (Fla. 3d DCA 1973).