LEHAN, Judge.
In this dissolution of marriage case the wife was awarded rehabilitative alimony of $800 per month for one year and thereafter, if the wife were not gainfully employed at a reasonable salary, $600 per month for an additional six months. The wife contends that the award was insufficient. We agree and reverse and remand for an award of rehabilitative alimony in an amount and for a period of time commensurate with the wife’s needs in order for her to maintain during that period at least some semblance of the standard of living enjoyed during the 24-year marriage.
The award should, of course, be consistent with the husband’s financial abilities. In view of the husband’s annual income of $58,000, with increases apparently assured and retirement income assured, there appears in the record no reason for the amount of rehabilitative alimony to be insufficient for the foregoing needs of the wife. See Vandergriff v. Vandergriff, 456 So.2d 464 (Fla.1984); Kirkland v. Kirkland, 458 So.2d 900 (Fla. 2d DCA 1984). The record contains no showing that the period of time during which rehabilitative alimony was awarded would be related to the period in which rehabilitative alimony would be needed by the wife. See Holley v. Holley, 380 So.2d 1098 (Fla. 2d DCA 1980). See also French v. French, 452 So.2d 647 (Fla. 4th DCA 1984).
Although the wife had recently obtained an M.B.A. degree and held a university teaching job at the time of the April 4, 1984, final hearing, that job was temporary and could not be continued past May 10, 1984, because the university was only hiring those with Ph.D. degrees for permanent positions. She had been unable to find other employment. She was 42 years old and was not shown to have had any substantial work experience, other than the aforementioned teaching job. Her only income is rehabilitative alimony. Contrary to the husband’s argument, under the circumstances of this case we find no less justification for a sufficient amount of rehabilitative alimony here than in other cases where that type of alimony has been awarded to permit development of skills or the redevelopment of prior skills.
The wife also contends that the trial court erred in its’ failure to retain jurisdiction for the possible award in the future of permanent periodic alimony. As the husband ably argues, the matter of retention of jurisdiction for that purpose is ordinarily for the sound discretion of the trial court. However, under the circumstances of this case and especially in view of the duration of the marriage and the lack of a showing of any forthcoming prospect of the wife obtaining employment of the type for which she apparently is qualified, together with the lack of substantial prior job experience of the wife, we feel constrained to remand for retention of jurisdiction by the trial court for the foregoing purpose.
*1035 Although there is no need to specifically retain jurisdiction for the foregoing purpose for the period of rehabilitative alimony, see Fisher v. Fisher, 450 So.2d 1183 (Fla. 2d DCA 1984), the record provides no basis for a conclusion that the period during which the trial court awarded rehabilitative alimony was appropriate. Nor need the period of retention of jurisdiction for that purpose be limited to the period of rehabilitative alimony. It is possible that without continued alimony the wife may not be able to maintain any semblance of her prior standard of living in view of the apparent present uncertainty of her finding employment and the possible cessation of any such employment following the termination of the rehabilitative alimony which would result in the loss to her of any substantial income. On the other side of the coin, if job misfortune should befall the husband, he could seek relief at any time from burdensome alimony obligations. See Burchard v. Burchard, 455 So.2d 625 (Fla. 2d DCA 1984).
We find no abuse of discretion in the trial court’s denial of the wife’s request for an award of attorney’s fees and in the refusal to admit into evidence certain photographs depicting the wife’s contributions to the marriage.
Affirmed in part, reversed in part and remanded for proceedings consistent herewith.
RYDER, C.J., and SCHOONOVER, J„ concur.