ALTENBERND, Judge.
The narrow issue in this case is whether a trial court has jurisdiction to entertain a motion to modify rehabilitative alimony throughout the rehabilitative term, or whether that jurisdiction expires at an earlier date upon payment of all amounts owing as rehabilitative alimony. Resolving an apparent intradistrict conflict between Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975), and Laux v. Laux, 543 So.2d 462 (Fla. 2d DCA 1989), we hold that a trial court has jurisdiction to consider a motion to modify rehabilitative alimony if the motion is filed within the rehabilitative term described in the judgment.
On January 23, 1989, the trial court entered a final judgment of dissolution of marriage in this case. The judgment required Mr. Mouton
to pay the Wife as rehabilitative alimony the sum of Eight Hundred Dollars per month for a period of twenty-four months commencing September 5, 1988. Said payments to be made on the fifth day of each and every month.
Mr. Mouton apparently made his payments on a regular basis and apparently mailed the final payment on or before August 5, *41 1990. On August 6, 1990, the wife filed a petition to modify the final judgment to extend the period of rehabilitative alimony. Thus, her petition was filed after the rehabilitative alimony had been paid in its entirety but before the expiration of the twenty-four-month term of rehabilitative alimony. The trial court followed our ruling in Lee, concluded it had no jurisdiction because the petition had been filed a day late, and dismissed the action.
In Lee, addressing a matter of first impression, this court held that an award of rehabilitative alimony could be modified so long as the provisions of the final decree were executory in whole or part. See also Brown v. Brown, 338 So.2d 916 (Fla. 2d DCA 1976). In this case, the term for rehabilitative alimony described in the final judgment had not expired, but the husband’s monetary obligation under that provision of the final judgment was arguably no longer executory.
Section 61.14, Florida Statutes (1989), extends jurisdiction to the trial courts to “make orders as equity requires” to modify an award of alimony. The Third District has held that a trial court has jurisdiction under this section to consider any motion to modify rehabilitative alimony that is filed within the rehabilitative term. Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982). This is true without regard to the jurisdictional language of the final judgment. We agree with this result, and followed it in Laux without discussing Lee.
If the court’s jurisdiction were dependent upon the status of one spouse’s payments, that spouse could simply prepay rehabilitative alimony and avoid any risk that the other spouse, as a matter of equity, was entitled to an extension of alimony at the close of the term. Such unilateral control of alimony is not compatible with the goals and purposes of rehabilitative alimony, and section 61.14, Florida Statutes (1989), does not require this court to limit the trial court’s jurisdiction in such an arbitrary fashion. Such a limitation on jurisdiction might also encourage the spouse receiving alimony to prematurely request modification of rehabilitative alimony. Accordingly, we recede from the language in Lee and Brown which suggests that the trial court may lack jurisdiction to modify rehabilitative during the term of rehabilitation.
Reversed and remanded.
SCHOONOVER, C.J., and SCHEB, RYDER, DANAHY, CAMPBELL, LEHAN, FRANK, HALL, THREADGILL, PARKER and PATTERSON, JJ., concur.