PER CURIAM.
Laura Cohen (Wife) appeals the trial court’s order dismissing with prejudice her petition to modify the final judgment concerning rehabilitative alimony. Wife argues that the rehabilitative period ended April 15, 1993, not March 15, 1993. Therefore, Wife contends that her petition for modification *21 filed April 13, 1993, was timely. We agree and reverse.
Paragraph two of the final judgment dissolving the parties’ marriage provided:
The Husband shall pay to the Wife rehabilitative alimony for thirty-six (36) consecutive months in the sum of $1,750.00 per month. The first payment is to be made on April 15, 1990 and each payment is to be made on the 15th of each month thereafter.
Accordingly, Donald Cohen (Husband) was obligated to and did make his last alimony payment on March 15, 1993. However, the final judgment provided for a 36-month alimony period. Kelsey v. Kelsey, 636 So.2d 77 (Fla. 4th DCA 1994).
In Kelsey, the trial court dismissed the wife’s petition for modification because it was filed after the time the husband was obligated to and did make his last rehabilitative alimony payment. The Kelsey court reversed and held that the petition for modification was filed within the two-year term provided for rehabilitative alimony. The Kelsey court agreed with and adopted the analysis set forth in Mouton v. Mouton, 590 So.2d 40 (Fla. 2d DCA 1991), which held that “the end of the term for rehabilitative alimony, rather than the status of a spouse’s obligation for making payments, determined the time limits for filing a petition for modification.”
Wife’s petition was filed after Husband was obligated to and did make the final rehabilitative alimony payment but before the expiration of the 36-month term of rehabilitative alimony. Because the petition was filed within the term provided for rehabilitative alimony, the trial court had jurisdiction to consider Wife’s petition for modification. Therefore, we reverse and remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, FARMER and PARIENTE, JJ., concur.