WOLF, Judge.
Carolyn Hybart, appellant, challenges a final order dismissing her supplemental complaint to modify the final judgment. She alleges that the trial court erred in finding that it lacked jurisdiction where the complaint for modification of alimony was filed after the date when the last alimony payment was due. We find that a request to modify rehabilitative alimony may be filed at any time up to the end of the rehabilitative period, and such period does not necessarily end when the last payment is due. We, therefore, reverse the decision of the trial court and remand for further proceedings to determine whether the modification request was timely filed.
The parties executed a property settlement agreement which was incorporated into a final judgment of dissolution of marriage. Paragraph 4 of the agreement, pertaining to rehabilitative alimony, read as follows:
The husband shall pay directly to the wife as rehabilitative alimony, the sum of $1,500 per month in cash commencing with the month of January 1988 and each and every month thereafter through December 1, 1992, unless the wife dies or remarries, whichever event sooner occurs at which time said alimony payments shall terminate.
*608 Paragraph 5 of the agreement required the husband to maintain life insurance for a period of five years in order to secure the payment of his lump-sum and rehabilitative alimony payments. On December 8, 1992, the appellant filed a supplemental complaint for modification of the rehabilitative alimony provision. The lower court dismissed the supplemental complaint to modify final judgment of dissolution of marriage for a lack of jurisdiction, finding that it was without jurisdiction to modify the rehabilitative alimony award because the rehabilitative payments terminated on December 1, 1992, prior to the former wife’s filing her petition to modify it. In dismissing the complaint for lack of jurisdiction, the judge relied on Glover v. Glover, 648 So.2d 863 (Fla. 4th DCA 1989).
After the trial court’s ruling in this case, the fourth district receded from any language in Glover, supra, which indicated that a petition for modification which was filed within the rehabilitative term would not be timely. See Kelsey v. Kelsey, 636 So.2d 77 (Fla. 4th DCA 1994). In Kelsey, the fourth district cited with approval Mouton v. Mouton, 590 So.2d 40 (Fla. 2d DCA 1991), which held that the end of the term for rehabilitative alimony rather than the status of a spouse’s obligation for payments, determined the time limits for filing a petition for modification. Kelsey, supra, 636 So.2d at 78. We agree with the reasoning adopted in Kelsey and Mouton. See also Cohen v. Cohen, 637 So.2d 20 (Fla. 4th DCA 1994).
In the instant case, there is some ambiguity concerning the length of the rehabilitative period. The actual length of the rehabilitative period is not specifically defined.[1] In light of the ambiguity, the trial court erred in ruling as a matter of law on a motion to dismiss that the petition was untimely filed. The parties should have an opportunity to present evidence concerning the intent of the parties at the time the agreement was entered into. See Cook v. Tradewinds West Condominium, 636 So.2d 591 (Fla. 3d DCA 1994). Reverse and remand.
BARFIELD and ALLEN, JJ., concur.

. The last payment is due December 1, 1992. The rehabilitative sum, however, is $1,500 per month. The last payment was due on December 1, 1992. It is reasonable to assume that the payment was intended to apply to the December expenses rather than being a reimbursement for November expenses. It is also reasonable to assume that the agreement was intended to apply to a 60-month rather than a 59-month period.