341 So.2d 525 (1977)
Frank J. ALTIERI, Appellant,
v.
Grace ALTIERI, Appellee.
No. Y-540.
District Court of Appeal of Florida, First District.
January 6, 1977.
*526 George J. Roark, Jr., Pensacola, for appellant.
James F. McKenzie of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
PER CURIAM.
This is an appeal from an order of contempt entered by the trial court on May 19, 1975, subsequent to the entry of final judgment of dissolution of marriage. The proper procedure for presenting this post-judgment order for appellate review would have been by interlocutory appeal, brought under the provisions of Rule 4.2, Florida Appellate Rules. However, since a full appeal has been taken we, in the exercise of our discretion, treat and consider the appeal as an interlocutory appeal, even though not designated as such in the notice of appeal. See Crepaldi v. Wagner, 128 So.2d 759 (Fla. 1st DCA 1961); Lane v. Exmoor School, Inc., 128 So.2d 773 (Fla. 3d DCA 1961); Small v. Small, 313 So.2d 749 (Fla. 1975).
In the final judgment of dissolution of marriage entered by the trial court on December 22, 1971, appellee Grace Altieri, as part of the permanent alimony awarded to her, was awarded the former marital home of the parties. Appellant Frank J. Altieri was ordered to convey his interest in that property to appellee and "to continue to pay the mortgage payments upon the said marital home until the mortgage lien has been liquidated in full". The final judgment places no further or other obligations upon appellant with respect to the marital home. Further, the final judgment required appellant to keep in full force and effect certain insurance policies on his life, with appellee Grace Altieri as beneficiary. The Internal Revenue Service then levied against the property to satisfy liens totaling $16,534.44 *527 for federal income taxes unpaid from 1967 to 1971. All of those tax liens, except one for 1971 taxes, were recorded before the entry of the final judgment of dissolution.
Appellant borrowed against the life insurance policies, permitted certain policies to lapse for nonpayment of premiums and fell behind in his permanent alimony payments which had been reduced from $75 to $50 weekly on condition that appellant reinstate lapsed policies and restore them to full force and effect. Appellant did not comply with those conditions.
In the order of contempt which appellant now challenges, the trial court required appellant to clear the marital home of the tax liens, directed him to pay appellee $3,700.00 in defaulted alimony or be committed to the county jail for a term of six months "or until he shall purge himself by such payment," and found that appellant was in contempt because of his borrowings against the life insurance policies.
The order of contempt is deficient in that the trial court made no finding concerning appellant's ability to pay or, assuming appellant's inability to pay, that his inability was his own fault. Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976). That decision has intervened since the circuit court's decision in this case.
The court erred in requiring appellant to pay outstanding tax liens against the marital home or be held in contempt. As previously noted, the final judgment did not address that issue despite the fact that all but one of the liens were in existence at the time of the entry of the final judgment. A trial court does not possess the power to impose in a post-judgment order new duties not adjudicated in a former decree which has become final and absolute. Mintz v. Ellison, 233 So.2d 156 (Fla. 3d DCA 1970); McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963). The trial court was without authority to alter the respective rights and obligations of the parties which became fixed by the terms of the final judgment of dissolution of marriage.
The trial court was correct in ordering appellant to pay appellee arrearages in alimony which, because appellant failed to comply with conditions imposed for the reduction of weekly alimony payments, continued to accumulate during the period in which appellant's life insurance policies were lapsed or reduced from full value by his borrowings. We are not here concerned with the propriety of the trial court's original order concerning those policies, because the final dissolution judgment became final without appeal by either party.
The case will be remanded for determination and findings concerning appellant's ability to pay at the time of the contempt hearing and for further proceedings consistent with this decision.
AFFIRMED IN PART, REVERSED IN PART.
BOYER, C.J., SMITH, J., and COX, JOHN S., Associate Judge, concur.