RYDER, Judge.
In 1973 the appellee [Hesse] submitted to appellant, Board of County Commissioners of Pasco County [Board] a construction site plan for approval pursuant to a local county ordinance. The Board disapproved Hesse’s site plan and in March of 1974, Hesse filed a petition for writ of mandamus. The trial court held that remedy to be inappropriate and on May 14, 1974 Hesse filed an amended complaint against the Board requesting a declaratory judgment on the constitutionality of the ordinance or, alternatively, a mandatory injunction requiring the Board to issue to Hesse a building permit.
Before the complaint was heard on its merits, the parties entered into negotiations and filed a joint motion for final judgment on January 10,1975 requesting the court to *1125 enter an order for final judgment incorporating an attached stipulation and agreement. The agreement essentially provided for a condominium project on Hesse’s gulf front property, consisting of fourteen buildings with 748 units.
On January 13,1975, the court entered an “order” incorporating the stipulation and agreement into “the judgment” ordering the parties to comply with all terms of the agreement, and retaining jurisdiction of the cause for further orders and judgments pertaining to enforcement of executory provisions.
Paragraph eight of the parties’ stipulation and agreement which was incorporated into the judgment of January 13, 1975 provides:
“That the parties hereto do agree that no modification to the terms of this agreement, in issuance of the applicable permits by the defendant pursuant hereto, shall occur unless said modification or modifications shall have first been approved at an official meeting of the Board of County Commissioners of Pasco County.”
On June 23,1976 Hesse filed a motion for enforcement of the judgment alleging that the Board had refused to issue the necessary building permits because Hesse had, to a certain extent, modified the site plan; that the proposed modifications did not violate the intent and spirit of the stipulation and agreement; that the modification was necessary because the original condominium project was no longer economically feasible; and that Hesse had complied with all the terms of the stipulation and agreement.
Hesse’s modified site plan contained the same number of living units (but with less persons per unit) and the same building standards and setback requirements, but with the buildings relocated to the southern portion of the site. The new plan was for “congregate housing”, a retirement living facility for the elderly providing “resi-care” and a proposed 60-bed nursing home.
On October 7, 1976, after a hearing, the trial court entered an order granting Hesse’s motion for enforcement of the prior court order. The trial court found the proposed modifications did “not in any way violate the intent and spirit of the original stipulation and agreement that was the subject matter of this court’s order of January 13, 1975.” From this order the Board appeals. We reverse.
Initially, we observe the court’s “order” of January 13, 1975, was a final judgment. Hesse’s purported motion for “enforcement” actually was a motion to modify that judgment. Although the trial court retained jurisdiction for purposes of enforcement, it had no jurisdiction to modify its final judgment. Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976); Hopwood v. Revitz, 312 So.2d 516 (Fla. 3d DCA 1975); McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963).
Assuming the trial court had jurisdiction to modify its final judgment, we still find no merit to appellee Hesse’s position. Hesse and the Board agreed on a construction site plan based on a stipulated set of facts. The modifications proposed by Hesse called for relocation of certain buildings and an overall plan for a retirement living facility, in contrast to the original site plan which envisioned a condominium project. The Board properly pointed out that there would be many problems associated with the newly proposed project which would necessitate review and consideration by the county’s planning and zoning authorities. Hesse’s modified plan therefore represented a significant change from the proposal agreed to by the county.
Apparently influenced by a change in the economics of the market place, Hesse determined his original plan for a condominium development was no longer feasible. His subsequent proposal to provide a retirement living facility with a nursing home as an adjunct represents a significant change from his original proposal. The County’s actions in declining to approve it were proper since the newly proposed development represented a material departure from the previous one.
*1126 We are mindful of our decision in Town of Largo v. Imperial Homes Corp., 309 So.2d 571 (Fla. 2d DCA 1975), relating to the applicability of equitable estoppel to the exercise of governmental zoning authority. In Largo we held the Town was estopped to rezone property to bar a highrise development after the developer had purchased property and otherwise acted to its detriment in reliance on certain representations of the municipality as to zoning. That principle has no applicability here. It was Hesse who changed his mind; not the County.
Judgment reversed.
BOARDMAN, C. J., and SCHEB, J., concur.