378 So.2d 325 (1980)
Dorothy Lois DeFILIPPIS, Appellant,
v.
Roy R. DeFILIPPIS, Appellee.
No. 78-417.
District Court of Appeal of Florida, Fourth District.
January 9, 1980.
*326 Donald L. Brooks and L.M. Taylor of L.M. Taylor, Lawyers, North Palm Beach, for appellant.
Basil E. Dalack of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellee.
HERSEY, Judge.
The wife appeals from an order of the trial court which provides that the husband and wife shall each pay one-half of a special master's fee. The chronological sequence of events giving rise to this appeal is as follows:
On August 20, 1976, the husband filed a petition for dissolution of marriage.
On February 16, 1977, a final order of dissolution of marriage was signed by Judge Culver Smith. This order reserved jurisdiction to consider at a later date questions of alimony and related matters.
On August 11, 1977, an order was signed by Judge Lewis Kapner, based upon the recommendations of a special master, which order required the payment of rehabilitative alimony, determined visitation rights, resolved several other issues between the parties, and specifically provided:
7. The Husband is hereby ordered and directed to pay all costs incurred by the Husband and Wife in this action within ninety days from the date of this order.
This order was signed and dated and filed, but it was never assigned a book and page number by the clerk. No appeal or motion for rehearing was made by either party addressed to this order.
On February 11, 1978, an order was entered by Judge Daniel T.K. Hurley requiring that the husband and the wife each pay one-half of the fee of the special master.
This appeal commenced prior to the effective date of the Florida Rules of Appellate Procedure, 1977 Revision. Accordingly, the Florida Appellate Rules, 1962 Revision apply.
Appellant maintains that the order of August 11, 1977 was a final order determining that all costs in the proceedings should be borne by the husband and that, therefore, the order of February 11, 1978 purporting to modify that determination was in that respect erroneous.
Appellee's position is that because the August 11, 1977 order was never assigned a book and page number, it was not "rendered" as that term is defined in the Appellate Rules; therefore, it remained non-final; i.e., interlocutory, and subject to modification. See Rule 1.3, F.A.R. Assuming arguendo that the instant order was not so "rendered," our Supreme Court, in Employers' Fire Insurance Company v. Continental Insurance Company, 326 So.2d 177 (Fla. 1976), a case relied upon by appellee, has stated, contrary to appellee's position, that although lack of "rendition" may cause an order to be non-final for appeal purposes, it does not necessarily have such an effect for other purposes.
The usual test pertaining to the finality of an order or decree is whether it determines the rights of the parties and disposes of the cause on its merits, leaving nothing more to be done in the cause as distinguished from beyond the cause. *327 Brown v. Mitchell, 151 So.2d 305 (Fla. 1st DCA 1963) cert. denied, 157 So.2d 815. Once an order becomes final, the court retains power to modify the time and manner of its enforcement, but does not retain the power, unless provided by statute or rule, to amend, modify or alter its provisions. Donovan v. Environs Palm Beach, 372 So.2d 1008 (Fla. 4th DCA 1979).
In this case, the August 11, 1977 order completely determined the rights of the parties, leaving nothing more to be done in the case except for enforcement. It should also be noted that the court did not specifically retain jurisdiction as to any matter. No appeal or motion for rehearing was made by either party addressed to this order. Consequently, as a final order, it was not subject to modification.
We recognize that this case extended over a period of eighteen months in the trial court, during which period three different judges dealt with various aspects of the matter. It is hardly surprising, therefore, that the order of February 11, 1978 was entered in an attempt to do equity as between the parties litigant. Unfortunately, the issue had been put to rest by the immediately preceding order.
We therefore, reverse and remand for the entry of an order consonant with this opinion.
REVERSED AND REMANDED.
LETTS, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.