417 So.2d 818 (1982)
Theresa L. KATZ, Appellant,
v.
Mervyn KATZ, Appellee.
No. 81-886.
District Court of Appeal of Florida, Fourth District.
August 4, 1982.
Lois J. Frankel of Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellant.
Gary I. Zwickel of Zwickel, Gross & Kessler, Lake Worth, for appellee.
PER CURIAM.
We are asked to decide whether a trial court, in a post-judgment proceeding, may enforce a pre-trial order when the substance and requirements of that order were not incorporated in the final judgment of dissolution. We answer in the negative.
Prior to trial, the trial court ordered the wife to be responsible for certain telephone charges. Ten months later, the court entered a final judgment of dissolution which determined the spouses' property rights but did not mention the telephone charges, either expressly or by implication. Rehearing was requested by the husband and denied. Thereafter, the former husband filed a motion for contempt in which he alleged that the former wife had violated the pre-trial orders by failing to pay the telephone charges, which amounted to $134.45. The trial court entertained the motion, found the former wife in contempt, allowed the former husband to deduct the $134.45 from rehabilitative alimony payments, and assessed attorney's fees against the former wife. She appealed.
Several issues have been raised on appeal, but the threshold and dispositive question is whether the trial court had jurisdiction to adjudicate and enforce a matter which was not contained in the final judgment of dissolution. Case law uniformly suggests that the answer is "no." For example, in Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948), the Supreme Court restated the general rule "that a final decree in an equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights." Id. at 423-24. Similarly, Altieri v. Altieri, 341 So.2d 525 (Fla. 1st DCA 1977), held that "[a] trial court does not possess the power to impose in a post-judgment order new duties not adjudicated in a former decree which has become final and absolute." Id. at 527; see also, Cooper v. Cooper, 69 So.2d 881 (Fla. 1954).
Today's ruling may seem hyper-technical and unfair. But it should be remembered that had appellee timely requested relief, *819 the trial court could have enforced its pre-trial orders at any time prior to, or in connection with, the entry of the final judgment. Furthermore, had the court been aware of a problem in compliance, it could have drafted the final judgment's retention of jurisdiction clause with sufficient clarity to enable the court to provide post-judgment enforcement. Cf. Finston v. Finston, supra, with Mullins v. Mullins, 409 So.2d 143 (Fla. 4th DCA 1982). Since none of these actions was taken in the case at bar, the court lacked authority for the order under review.
GLICKSTEIN, HURLEY and DELL, JJ., concur.