471 So.2d 191 (1985)
METROPOLITAN DADE COUNTY, Florida, a Political Subdivision of the State of Florida, Appellant,
v.
CERTAIN LANDS UPON WHICH ASSESSMENTS ARE DELINQUENT, Appellee.
No. 84-2051.
District Court of Appeal of Florida, Third District.
June 18, 1985.
*192 Robert A. Ginsburg, Co. Atty. and Cynthia Johnson, Asst. Co. Atty., for appellant.
No appearance for appellee.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, as amicus curiae.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
NESBITT, Judge.
Metropolitan Dade County (Dade) appeals an order which vacated prior orders allowing special masters' fees to be assessed against landowners delinquent in the payment of waste fees.[1] Finding the trial court was without jurisdiction to enter the appealed order, we vacate said order, thus reinstating the prior orders of the trial court.
Unpaid fees for waste collection services result in the imposition of special assessment liens on the lands receiving the unpaid-for services. In August 1981, Dade filed an action to foreclose these special assessment liens against certain pieces of land. Defaults were entered and, in November 1981, the trial court entered final judgments of foreclosure on the liens. Simultaneously, the court ordered the appointment of a special master and entered an order empowering the special master to collect the judgments plus interest as well as his own fee in the amount of fifty per cent of the judgment amount, before inclusion of interest, or $35.00, whichever was greater. In January 1982, the court entered another order which reflected the previously granted authority of the special *193 master to collect his fees.[2] Subsequently, a co-special master was appointed. In November 1982, the court entered an order directing Dade to pay the special masters the fees they had collected pursuant to the November 1981 order.
In August 1984, the trial court became concerned about the masters' fee arrangement and on its own motion requested a memorandum of law regarding the authority to assess the masters' fees against the delinquent landowners. After reviewing the memorandum of law submitted by Dade, the court, on August 10, 1984, entered an order finding there was no legal authority for the imposition of the masters' fees against delinquent landowners, vacating any contrary orders, requiring Dade to pay back all money collected for masters' fees and discharging the masters. Dade appeals this order.
The supreme court has held that where an order after judgment is dispositive of any question, it becomes a final post decretal order. Thus, to the extent that the order completes the judicial labor on a portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment. Clearwater Federal Savings & Loan Association v. Sampson, 336 So.2d 78 (Fla. 1976). See also Travelers Indemnity Co. v. Walker, 401 So.2d 1147 (Fla. 3d DCA 1981). We find that the order entered in November 1981 which provided for the calculation and collection of the masters' fees was final in effect. Since this order was dispositive on questions of the calculation, assessment and collection of the masters' fees, it must be treated as a final judgment. Clearwater Federal.
Once an order becomes final, the court retains power to modify the time and manner of its enforcement, but does not retain the power, unless provided by statute or rule, to amend, modify or alter its provisions. DeFilippis v. DeFilippis, 378 So.2d 325 (Fla. 4th DCA 1980). Almost three years after the entry of the November 1981 order, the trial court perceived it had committed a judicial error in allowing the masters' fees to be assessed in the manner provided for in the order. In an attempt to correct its perceived error, the court vacated the November 1981 order. No appeal, however, had ever been taken; nor had a motion for rehearing ever been made by any party to this order as provided for in Florida Rule of Civil Procedure 1.530(b). See also Fla.R.Civ.P. 1.530(d). Consequently, as a final order, the November 1981 order was not subject to modification by the court. See Kippy Corp. v. Colburn, 177 So.2d 193 (Fla. 1965); Schrank v. State Farm Mutual Insurance Co., 438 So.2d 410 (Fla. 4th DCA 1983); DeFilippis; Kirby v. Speight, 217 So.2d 871 (Fla. 1st DCA 1969).
The only other provision that could possibly be a basis for entry of the appealed order which vacated the November 1981 order is Florida Rule of Civil Procedure 1.540(b).[3] Without even regard to the one year limitation in the rule,[4] however, we find that the reasons justifying relief under Rule 1.540 are not present in the case at bar. Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances. It was not intended to serve as a substitute for relief available under Rule 1.530 or as a substitute for appellate review of judicial error. Fiber Crete Homes, *194 Inc. v. Division of Administration, State, Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975). Thus, any attempt by the trial court to rely upon Rule 1.540(b) as a basis to correct what it perceived to be a mistaken view of the law was improper. See Fiber Crete Homes.
In rendering this decision, we have not considered or passed upon the merits of the underlying controversy concerning the propriety of the masters' fees assessments. The effect of this disposition, however, is to recognize the continuing efficacy of the November 1981 order involved here.
Finding the trial court did not have jurisdiction in August 1984 to vacate the November 1981 order dealing with the assessment of masters' fees, we hereby vacate the order appealed and remand the cause for further proceedings.
NOTES
[1] An amicus curiae brief has been filed in support of the order.
[2] This order stated in part:

the Special Master shall collect ... Special Master's fees as agreed upon but not to exceed 50% of the amount of the Judgments, before inclusion of interest.
[3] There is no basis in the record to support the amicus curiae's argument that the August 1984 order was merely correcting a clerical error in the November 1981 order pursuant to Florida Rule of Civil Procedure 1.540(a).
[4] We find no support in the record for the proposition that Dade misled the court as to the contents and effect of the November 1981 order relating to the masters' fees. Even if the record did support such an assertion, the trial court lost jurisdiction to vacate the order pursuant to Rule 1.540(b) one year after its entry. See Schrank.