COBB, Chief Judge.
Patricia B. Hunter appeals the order of the trial court dismissing her motion for modification of alimony on the basis that the trial court lacked jurisdiction.
In October of 1977, a final judgment was entered dissolving the marriage of Patricia and Charles E. Hunter, which provided for child support, permanent and rehabilitative alimony. In September and October of 1980, both Charles and Patricia moved for modification of the award. Subsequently, the lower court entered an award increasing child support and suspending payment of permanent alimony until “further order of the court.” In November of 1982, Patricia moved to reinstate permanent alimony based on changed circumstances. This request was denied in September of 1983. No mention was made of jurisdiction in the order.
On March 12, 1984, Patricia again moved for modification. Charles moved to dismiss the action, arguing that the court had no jurisdiction. The lower court granted the dismissal, finding as follows:
1. This Court’s Order of December 9, 1980 suspended the Petitioner’s obligation to pay periodic alimony until further order of the court.
2. The Respondent filed a Petition to Reinstate Alimony which was denied on September 1, 1983.
3. In the Order of September 1, 1983, the denial of alimony was unconditional and this Court specifically intended not to retain jurisdiction over any alimony claim by the Respondent in the future.
4. ... [T]he Court intended to retain no continuing jurisdiction over the subject matter of the Supplemental Complaint for Modification, i.e., that being restoration or reinstatement of periodic alimony or support for the wife.
The trial court erred in finding that it had no jurisdiction over the present proceeding. As the 1980 proceeding mere *1161 ly suspended jurisdiction and the 1983 proceeding was silent as to jurisdiction, jurisdiction continued through the present. See Ryan v. Ryan, 430 So.2d 511 (Fla. 1st DCA 1983); De Baun v. Michael, 333 So.2d 106 (Fla. 2d DCA 1976). Additionally, the trial court was incorrect in including in the final judgment a nunc pro tunc order finding that it had originally intended to dispense with jurisdiction in the 1983 proceeding. The divestment of jurisdiction is a change in substance, and not merely a correction of an omission, and thus is not within the proper realm of a nunc pro tunc order. See De Baun, supra; In Re Rika’s Estate, 369 So.2d 404 (Fla. 2d DCA 1979); Mills v. Mills, 353 So.2d 954 (Fla. 1st DCA 1978); McKibbin v. Fujarek, 385 So.2d 724 (Fla. 4th DCA 1980).
For the foregoing reasons, the order dismissing the petition for modification is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.