490 So.2d 1067 (1986)
Jorge VALDES, Appellant,
v.
PLANNED INVESTMENT ASSOCIATION, INC., Appellee.
Nos. 85-634, 85-2111.
District Court of Appeal of Florida, Third District.
July 8, 1986.
*1068 Sparber, Shevin, Shapo, Heilbronner & Book and Ursula Mancusi-Ungaro and Nancy Schleifer, Miami, for appellant.
Hershoff and Levy and Jay M. Levy, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the Final Judgment for Injunctive Relief upon a holding that the trial court was without jurisdiction to enter a judgment awarding injunctive relief where, as here, it had some forty days earlier entered a final judgment awarding damages after a trial in which the plaintiff sought both damages and injunctive relief, and such damage judgment contained no reservation of jurisdiction to later award injunctive relief, see Katz v. Katz, 417 So.2d 818 (Fla. 4th DCA 1982); DeFilippis v. DeFilippis, 378 So.2d 325 (Fla. 4th DCA 1980); Altieri v. Altieri, 341 So.2d 525 (Fla. 1st DCA 1977); Superior Uniforms, Inc. v. Brown, 221 So.2d 214 (Fla. 3d DCA 1969); Augusta Corporation v. Strawn, 174 So.2d 621 (Fla. 3d DCA 1965). This result is not changed by the fact that the trial court ultimately amended nunc pro tunc its final judgment awarding damages to include a clause reserving jurisdiction to award injunctive relief, since the initial failure to reserve such jurisdiction was not the result of mistake, inadvertence or excusable neglect subject to being corrected under Florida Rule of Civil Procedure 1.540(b), see Shelby Mutual Insurance Co. v. Pearson, 236 So.2d 1 (Fla. 1970); Metropolitan Dade County v. Certain Lands Upon Which Assessments are Delinquent, 471 So.2d 191 (Fla. 3d DCA 1985); Van Harren v. Markevitch, 447 So.2d 332 (Fla. 3d DCA), pet. for rev. denied, 456 So.2d 1182 (Fla. 1984); Fiber Crete Homes, Inc. v. Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975); see also Frisard v. Frisard (Fla. 4th DCA 1986) (Case No. 85-1931, opinion filed July 2, 1986) ("[T]he failure to reserve jurisdiction to award attorney's fees and costs in a final order is a substantive, not a clerical, mistake."); Hunter v. Hunter, 487 So.2d 1160, 1161 (Fla. 5th DCA 1986) ("The divestment of jurisdiction is a change in substance, and not merely a correction of an omission, and thus is not within the proper realm of a nunc pro tunc order.").
The appeal of the final judgment for damages is dismissed; the Final Judgment for Injunctive Relief is reversed.