PER CURIAM.
In this action for specific performance appellant Grossman obtained a final judgment requiring appellee to execute all documents necessary to reflect on the corporate records transfer to appellant of a certain stock certificate. Additionally, the judgment required appellee to release and transfer any and all stock dividends or stock splits received by her or her husband’s estate relating to the aforesaid stock certificate. In that judgment the court retained jurisdiction to enter such further orders as may be necessary to carry out its terms. After this court had affirmed that judgment and the mandate was issued, Mrs. Selewacz complied in all respects except as to eight thousand shares which had been received as part of a stock split and which, without either her knowledge or consent, had been sold by her financial advisor before the final judgment had ever been entered. Appellant then moved for entry of a money judgment against Mrs. Selewacz for the value of those eight thousand shares, and brings this appeal from an order denying that motion.
It was not error for the court to deny the motion. While it is true that in the original judgment the court could have awarded damages either in lieu of or in addition to the specific performance ordered, see National Industrial Bank of Miami v. Forbes, 270 So.2d 426 (Fla. 4th DCA 1972), the judgment in this case was only for specific performance and the retention of jurisdiction was only “to enter such further orders as may be necessary to carry out terms thereof.” When that judgment became final, the court was without power or authority to change the substantive provisions thereof by adding an award of damages. Valdes v. Planned Investment Association, 490 So.2d 1067 (Fla. 3rd DCA 1986); Katz v. Katz, 417 So.2d 818 (Fla. 4th DCA 1982); Board of County Commissioners of Pasco County v. Hesse, 351 So.2d 1124 (Fla. 2d DCA 1977).
Appellant’s motion for entry of a money judgment was accompanied by a separate *1137 motion for an order of contempt which the court likewise denied based upon its finding that the eight thousand shares of stock had been sold prior to the final judgment without either the knowledge or consent of Mrs. Selewacz and in disregard of her orders to her financial advisor not to sell the stock. The court also found that Mrs. Sele-wacz had received no money as a result of such sale and on that basis held that she could not be liable for a money judgment. The question of her legal liability for a money judgment was not before the trial court and we therefore modify the court’s order by striking that particular language. As thus modified, the order appealed is affirmed.
AFFIRMED, AS MODIFIED.
HERSEY, C.J., DOWNEY, J., and OWEN, WILLIAM C., JR., (Retired), Associate Judge, concur.