543 So.2d 397 (1989)
F.A. CONNER, Appellant/Cross Appellee,
v.
NORTHEASTERN INTERNATIONAL AIRWAYS, INC., Appellee/Cross Appellant.
No. 87-3190.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
*398 Philip L. Brawner of Howard, Brawner & Lovett, Miami, for appellant/cross appellee.
Thomas F. Luken, Fort Lauderdale, for appellee/cross appellant.
GARRETT, Judge.
This is an appeal of several orders and judgments of the lower court.
In December 1983, appellant agreed to sell an airplane to appellee. Problems arose and appellee sued appellant. Thereafter, they entered into a stipulation for dismissal with prejudice. On May 15, 1984, the trial judge entered a final judgment ratifying the stipulation and dismissing the action with prejudice. Neither party filed any motion or notice of appeal during the next three months.
In September and October 1984, appellee filed motions to enforce the final judgment. The order entered after the October, 1984 hearing modified the final judgment as did orders and judgments entered in 1986 and 1987.
We reverse all orders and judgments entered after May 15, 1984.
A trial judge may modify the time and manner of enforcing a final judgment. DeFillipis v. DeFillipis, 378 So.2d 325, 327 (Fla. 4th DCA 1980). But a trial judge lacks the jurisdiction to modify the substance of a final judgment. Donaldson Engineering, Inc. v. City of Plantation, 326 So.2d 209 (Fla. 4th DCA 1976).
Thirty days after its entry, the May 15, 1984 judgment became final. Thereafter, the trial court could only enforce the final judgment. All subsequently entered orders and judgments modified the substance of the final judgment; therefore, they were invalid.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
DELL and POLEN, JJ., concur.