PER CURIAM
We reverse the trial court’s post-judgment order granting the wife’s motion for reimbursement of real estate taxes paid on the marital home. The provisions of the final judgment of dissolution in this case made the parties tenants in common, ordered the sale of the marital home, and ordered the exclusive possession of the home by the wife until sale. No provision was included which delineated the responsibilities of the parties as to payment for taxes or other expenses. When the wife paid the 1987 real estate taxes, she moved for an order compelling the husband to pay his one-half share, which the court granted and directed that the husband comply with within fourteen days.
The trial court had no authority to order the husband to pay these expenses on the wife’s motion to compel payment. Since the final judgment was silent as to payment responsibilities, it cannot be enforced by compelling him to perform an act not required by the final judgment, Katz v. Katz, 417 So.2d 818 (Fla. 4th DCA 1982), and where, as appellant even concedes, there is a full remedy by allowing the wife credit upon sale of the marital home for the husband’s share of expenses. See Brandt *1129 v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988).
Reversed.
GLICKSTEIN, WARNER and GARRETT, JJ., concur.