STONE, Judge,
dissenting.
I would affirm. It is apparent to me that Greenbriar sought leave of court “for leave to execute” because the prejudgment orders provided that execution on a subsequent final judgment would be stayed pending resolution of the other suit in which the appellees, unit owners, sued the appellant association. The judgment in this case was for the unit owner’s pro rata share of association litigation expenses in the other case.
The appellant asserts that the effect of denying its motion “for leave to execute” is to alter or modify the judgment by restricting its right to execute in the absence of supersedeas. The appellant also contends that the court lacks discretion to deny relief to a judgment creditor seeking full and immediate enforcement of execution.
In my judgment, the appellant has failed to demonstrate an abuse of discretion. The orders denying appellant’s motion do not purport in any way to amend the substance of the judgment. Nor has the court entered any affirmative postjudgment orders. The trial court has, considering the orders’ impact most favorably to the appellant, simply responded to the appellant’s motion by exercising discretion, invoked by appellant, over the time and manner of enforcement. Cf. Conner v. Northeastern Int’l Airways, Inc., 543 So.2d 397 (Fla. 4th DCA 1989); DeFilippis v. DeFilippis, 378 So.2d 325 (Fla. 4th DCA 1980). See also GEICO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345 (Fla. 4th DCA 1991). It is not asserted, nor is there any indication that, the trial court acted unreasonably under the facts.