**Milton R. FARMER, Plaintiff,**

v.

**Steve CREWS, Deputy Sheriff, Defendant.**

**No. 91–337–Civ–FtM–17D.**

United States District Court, M.D. Florida, Ft. Myers Division.

Nov. 9, 1992.

Milton R. Farmer, pro se.

Robert C. Shearman, Henderson, Franklin, Starnes & Holt, Ft. Myers, Fla., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

KOVACHEVICH, District Judge.

1. Plaintiff Farmer was arrested in Collier County, Florida and brought before the Honorable Hugh D. Hayes, Circuit Court Judge in the Twentieth Judicial Circuit. Plaintiff requested that he be released on furlough to attend his father's funeral

which was to be held on November 30, 1985 in Lee County, Florida.

2. On November 26, 1985, Judge Hayes issued an order stating that Defendant Farmer be taken by the Sheriff of Collier County to attend his father's funeral on the date of the funeral.

3. On November 27, 1985, Farmer was transported to Lee County Jail, located in the Twentieth Judicial Circuit. On November 28, 1985, Farmer was presented for his first appearance hearing before the Honorable County Court Judge James H. Seals. Judge Seals set his bail at $2,500.00. Further, Judge Seals granted Plaintiff Farmer furlough to attend his father's funeral. Unlike Judge Hayes' order, Judge Seals' order did not contain the condition that a deputy Sheriff was to escort Plaintiff to the funeral.

4. Defendant Crews was the shift commander on duty at the Lee County Jail on November 30, 1985. He arranged for Lee County deputies to accompany Plaintiff to the funeral, in accordance with Judge Hayes' order. Subsequently, Plaintiff Farmer gave Defendant Judge Seals' less restrictive furlough order.

5. When Plaintiff Farmer learned that Defendant Crews had followed Judge Hayes' order and had arranged for a deputy Sheriff to accompany Plaintiff to the funeral, Plaintiff demanded to be released under his own recognizance; Plaintiff interpreted Judge Seals' order to provide for such release.

6. Defendant Crews brought the conflict to the attention of Judge Seals, the judge on duty that day. Judge Seals agreed that Judge Hayes' order should be followed because Judge Hayes was a superior judge within the Twentieth Judicial Circuit.

7. Plaintiff Farmer was escorted to the funeral by a deputy Sheriff and, in accordance with the Sheriff's Office Manual, was clothed in institutional clothing with handcuffs and leg restraints. Plaintiff claims his Constitutional liberty interests were violated and that he suffered severe emotional distress because he was forced to appear at his father's funeral in such a manner.

8. Plaintiff filed a 42 U.S.C. § 1983 claim against Defendant Crews on August 16, 1989, alleging that his Constitutional rights were violated when he was not allowed to attend his father's funeral on his own recognizance. Plaintiff claims that "Judge Seals original bail order, which included a furlough, created a liberty interest subject to modification only as provided by statute" and that Chapter 903, Florida Statutes (1985) prescribes the procedures to be followed to establish, modify or revoke bail including the requirement that "an application for modification of bail on any felony charge must be heard by a court in person, at a hearing with the defendant present."

9. Plaintiff seeks compensatory and punitive damages.

10. Defendant Crews filed a motion for summary judgment on August 2, 1990. Defendant Crews claims that Plaintiff has failed to allege violation of a constitutionally protected right.

11. Plaintiff filed a response to Defendant's motion for summary judgment on August 16, 1990. On August 27, 1990, the Court, in accordance with *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir.1985) notified Plaintiff of the summary judgment rules, of his right to file affidavits or other materials in opposition to the motion, and of the consequences of default. The Court stated, "The Court recognizes that Petitioner has filed a Response dated August 10, 1990. However, Petitioner filed his Response without the benefit of this Order." The Court allowed Plaintiff thirty days to file a response, to the motion for summary judgment, which Plaintiff did, on September 26, 1990.

11. On June 10, 1992, the Court ordered Defendant Crews to file a supplemental legal memorandum addressing the issue of whether Judge Seals' bail order, which included a furlough, created a liberty interest subject to modification only as provided by statute. The Court also ordered Plaintiff to file a response to Defendant's memorandum.

**1518** 

## STANDARD FOR SUMMARY JUDGMENT

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), (quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969)). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.

*Id.* at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore, requires that the moving party go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing there is a genuine issue for trial." *Celotex, supra*, at 324, 106 S.Ct. at 2553. This Court is satisfied that no factual disputes remain, and that summary judgment should be entered in favor of Defendant Crews.

## PLAINTIFF'S CONTENTIONS

Plaintiff claims that Defendant Crews acted unlawfully thereby depriving Plaintiff of his Constitutional Liberty, Due Process and Equal Protection rights. Specifically, Farmer contends that Crews unlawfully sought ex parte modification of his bail. Plaintiff claims that Defendant's conversation with Judge Seals was a modification of his bail for which he was not provid-ed a hearing. Further, Plaintiff alleges that Crews falsely advised the Judge that Plaintiff should not be furloughed because he was classified as a security risk.

In his response to the Court Order of June 10, 1992, Plaintiff cites Florida Statute §§ 903.035(2), 903.046(2) (1985) in support of his claim that Judge Seals' original bail order, which included a furlough, created a liberty interest subject to modification only after a hearing.

Plaintiff maintains that the above stated allegations create a genuine dispute of material facts. Therefore, Plaintiff contends that summary judgment should not be granted.

## DEFENDANT'S CONTENTIONS

Defendant Crews contends that Plaintiff Farmer's claim that his Constitutional liberty interest was violated is not supported by the evidence. Further, Defendant claims that Plaintiff's contention that his rights were violated because of the conditions under which he was allowed to attend his father's funeral is unfounded.

In support of his contentions, Defendant Crews submitted relevant portions of the Lee County Sheriff's Office Policy Manual. Defendant claims that the manual mandates that all inmates leaving the Lee County Jail must be handcuffed, and further, that all inmates incarcerated on felony charges must be fitted with leg restraints as well. Lee County Inmate Rule and Regulation Handbook § 25.02. Moreover, Defendant asserts that the manual states "all inmates will be fully dressed in institutional clothing at all times during the day." *Id.* at Reg. 54. Defendant further contends that the manual explains that the embarrassment a prisoner may suffer under restrictive conditions is not as important as the risk the prisoner poses to a transporting officer if the prisoner is not restricted. Lee County Inmate Rule and Regulation Handbook § 25.02.

Defendant maintains that Plaintiff's claims are unsubstantiated because a prisoner incarcerated on felony charges has no Constitutionally protected right to be re-

leased to attend any funeral in any manner if he has not met the requirements set for bail. Def. Memo in Response to Ct. Order p. 2. Plaintiff Farmer's bail was set at $2,500.00. However, the bail was never paid. Thus, Defendant asserts that Farmer had no right to be released from the jail. The fact that he was permitted to attend the funeral, Defendant contends, was not a right but a privilege extended by Judge Hayes and Judge Seals.

In addition, Defendant Crews claims that Plaintiff Farmer inaccurately characterized Defendant's conversation with Judge Seals as a modification of his bail for which he was not provided a hearing. In support of this contention, Crews maintains that after his conversation with Judge Seals, Farmer's bail was neither revoked nor increased. Further, no modification of Plaintiff's bail was ever sought or made. Instead, Defendant claims that he sought the advice of Judge Seals as to the procedure to be followed in allowing Plaintiff to attend the funeral.

Therefore, Defendant alleges that Plaintiff cannot maintain a § 1983 action without demonstrating a violation of a Constitutionally protected right. Defendant further claims that he did not act maliciously or in a contrived manner causing Plaintiff's rights to be violated. Rather, Defendant claims that he was simply performing his duty in direct compliance with Judge Hayes' and Judge Seals' orders and the Sheriff's Office departmental regulations.

Defendant Crews maintains that his actions were reasonable attempts to effectuate the order for the temporary release of an inmate incarcerated on felony charges and that no Constitutional rights were involved. Defendant contends that there is no genuine issue of material fact and that summary judgment should be granted in his favor.

## DISCUSSION

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Tillman v. Coley,* 886 F.2d 317, 319 (11th Cir.1989); *Barfield v. Brierton,* 883 F.2d 923, 934 (11th Cir. 1989); *Cornelius v. Town of Highland Lake, Alabama,* 880 F.2d 348, 352 (11th Cir.1989). In the present case, the first element is satisfied. However, the second element is not satisfied. Plaintiff has failed to demonstrate that Defendant's conduct deprived him of any liberty interest.

■ A Fourteenth Amendment liberty interest may arise under the Due Process Clause itself or under state law. *Hewitt v. Helms,* 459 U.S. 460, 466, 103 S.Ct. 864, 868–69, 74 L.Ed.2d 675 (1983). In *Hake v. Gunter,* 824 F.2d 610 (8th Cir.1987), the court addressed whether a prisoner's liberty interest, arising from the Constitution's Due Process Clause, was violated when his work detail program was discontinued. The *Gunter* court held: "Although the Supreme Court [of the United States] has never addressed the specific issue [of liberty interests arising out of the Due Process Clause], we agree with the views of the Eleventh Circuit that such an argument would be dubious in light of recent decisions of the Court." *Id.* at 613 citing *Whitehorn v. Harrelson,* 758 F.2d 1416, 1420–22 (11th Cir.1985). *See also, Olim v. Wakinekona,* 461 U.S. 238, 244–48, 103 S.Ct. 1741, 1744–47, 75 L.Ed.2d 813 (1983) (no liberty interest derived from the Due Process Clause concerning interstate prison transfer); *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (no constitutional right protecting an inmate against transfer from a less secure to more secure facility).

■ Furthermore, courts have continually held that prisoners have no inherent liberty interest in continuing to participate in furlough (or other temporary release) programs. *Bowser v. Vose,* 968 F.2d 105, 107 (1st Cir.1992), *See also, Whitehorn v. Harrelson,* 758 F.2d at 1420–22. "The furloughed prisoner is on a short string. His

freedom is not potentially unlimited in duration even upon compliance with the official rules." *Smith v. Saxbe,* 562 F.2d 729, 734 n. 18 (D.C.Cir.1977). However, the issue in the case sub judice is not based on facts concerning the discontinuation of a prisoner's furlough rights. Here, the court is dealing with the extent of a prisoner's liberty rights, if any, *during* his furlough period. Although such situations do not lend themselves to inherent liberty rights under the Due Process Clause of the Constitution, state law provides sufficient guidelines under which this court may make a legal determination.

■ In determining whether an inmate has a state-created liberty interest to attend his father's funeral, under a court-ordered furlough, in the manner which he desires, the court must determine if the state regulations create a liberty interest. A liberty interest is created when the regulations contain explicitly mandatory language. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 462, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989). Such language is typically indicated by specific directives to the decision maker that if certain prerequisites exist, then a particular procedure must be followed and a specific outcome must result. *Id.* at 463, 109 S.Ct. at 1910. Although no particular verbiage is necessary, words such as "shall," "will," or "must," usually indicate explicitly mandatory language. *Bowser v. Vose,* 968 F.2d 105, 108 (1st Cir.1992).

■ Florida Statute 945.091(1)(a)(1) states in pertinent part:

> The department is *authorized* to adopt regulations *permitting* the extension of the limits of the place of confinement of an inmate as to whom there is *reasonable cause to believe* that·he will honor his trust ...

Thus, because the statute is phrased in discretionary terms, Plaintiff can derive no liberty interest from the statute itself.

Florida Statutes §§ 903.035(2), 903.046(2) (1985) concern applications for modification of bail on felony charges. Such bails are subject to modification only through a hearing. However, these Statutes do not apply in this case because modification of Farmer's bail was never an issue. Further, Farmer never acquired a liberty interest, as discussed above.

The Lee County Sheriff's Department Policy and Procedures Handbook mandates that all inmates leaving the facility be handcuffed. Further, if the inmate is a felon, leg restraints must also be used. Lee County Inmate Rule and Regulation Handbook § 25.02. In addition, the handbook requires that all inmates be fully dressed in institutional clothing at all times during the day. *Id.* at Reg. 54.

The handbook states that "the embarrassment the prisoner may suffer at being seen in public wearing restraints is not as important as the risk involved in preventing his escape or attempts to kill or injure the transporting officer." *Id.* at § 25.02. Plaintiff was afforded the opportunity to visit the services and then leave before any of his family arrived in order to avoid embarrassment. However, Plaintiff declined and indicated that he would prefer to stay throughout the entire funeral service.

■ Defendant Crews has wide discretion in prescribing the terms and conditions of Farmer's confinement. *Conklin v. Wainwright,* 424 F.2d 516–17 (5th Cir. 1970); *Haggerty v. Wainwright,* 427 F.2d 1137–38 (5th Cir.1970). This is especially true where the conditions imposed relate to security matters. *Id.* Here, Defendant Crews acted with precaution by conferring with Judge Seals about the discrepancy between Judge Hayes' and Judge Seals' orders regarding furlough. Defendant Crews acted in the interest of security and in accordance with the regulation manual. Security concerns are foremost among the objectives of the prison system. Prisoners' rights must give way in the face of the State's compelling interest in maintaining security and order. *Sullivan v. Ford,* 609 F.2d 197, 198 (5th Cir.1980).

Plaintiff cites *Metropolitan Dade County v. Certain Lands,* 471 So.2d 191 (Fla. 3d DCA 1985) for the proposition that Judge Seals' original bail order, which included a furlough, could only be modified by statute

or rule. *Certain Lands* concerns a foreclosure of assessment liens and is not analogous to the instant case. Furthermore, Judge Seals was acting within his judicial discretion when he amended his own order to comply with Judge Hayes' order. After Crews brought the matter to Judge Seals' attention, Judge Seals reviewed the situation and determined that Plaintiff Farmer posed a security risk. Judge Seals acted in his capacity as a judicial officer when he modified his original order to reduce the security risk associated with transporting a prisoner.

Plaintiff Farmer, a felon, posed a risk to the transporting officers and to the public. Plaintiff's claims of embarrassment and emotional distress are outweighed by the government's compelling interest in maintaining security and order. Furthermore, Plaintiff did not acquire a Constitutionally or State-created liberty interest when he was granted a furlough to attend a funeral. Therefore, no genuine dispute of material fact is in dispute and summary judgment must be granted in favor of Defendant Crews.[1] Accordingly, it is

ORDERED that Defendant Crew's motion for summary judgment (Doc. No. 44) is granted. The Clerk is directed to enter a judgment in favor of Defendant Crews. All other pending motions are denied as moot.

DONE and ORDERED.

---

1. The Court does not find it necessary to discuss Defendant Crews' claim that he is entitled to Eleventh Amendment immunity because the Court has found that no Constitutional right was violated. This contention is moot because the Court in *Hufford v. Rodgers,* 912 F.2d 1338 (11th Cir.1990) held that Florida Sheriffs are not protected by the Eleventh Amendment immunity.