673 So.2d 917 (1996)
HILLSBOROUGH COUNTY, Appellant,
v.
Jacqueline LOVELACE d/b/a Lovelace Farms, Appellee.
No. 95-01940.
District Court of Appeal of Florida, Second District.
May 10, 1996.
Sheree Fish, Assistant County Attorney, Tampa, for Appellant.
Ollie Ben Butler, Jr., of Butler Legal Centers of Ollie Ben Butler, Jr., P.A., Tampa, for Appellee.
BLUE, Judge.
Hillsborough County contends on appeal that the trial court improperly modified a stipulated final order. Because we agree that the trial court lacked authority to modify the terms of the final judgment, we reverse.
Jacqueline Lovelace, d/b/a Lovelace Farms, operates a dog breeding and kennel business. In 1994, Lovelace filed for an injunction to prevent the County's Animal Services Department from closing her kennel or seizing her dogs. The County brought a counterclaim under section 828.073, Florida Statutes (1993), seeking an order to provide care. The County and Lovelace entered into a stipulation regarding Lovelace's care of animals. After a hearing, the trial court entered a final judgment that adopted the joint stipulation between the parties.
Subsequently, the County filed a motion for contempt and for sanctions. By affidavit and testimony, the County asserted that Lovelace was not complying with the judgment. Lovelace contended that her former attorney signed the stipulation without her consent. After testimony from both Lovelace and her former attorney, the trial court found that Lovelace authorized her former attorney "to consent to its terms and sign the stipulation on her behalf." The trial court refused to hold Lovelace in contempt, although it found that she had failed to comply with the court's order. The trial court then modified the final judgment by adopting different standards and conditions governing Lovelace's operations. Lovelace was instructed to comply with the new standards within a month or she would be held in contempt.
The County correctly argues that the trial court erred by setting aside the final judgment incorporating the parties' joint stipulation. While the court retained jurisdiction to enforce the judgment, it did not have jurisdiction to modify its terms. See Board of County Comm'rs of Pasco County *918 v. Hesse, 351 So.2d 1124 (Fla. 2d DCA 1977) (holding that trial court erred in modifying final judgment that incorporated parties' stipulation). See also Singer v. Singer, 652 So.2d 454, 455 (Fla. 4th DCA 1995) ("[O]nce the handwritten document was incorporated into the court's final judgment, it became the order of the court.").
On motion, a trial court may relieve a party from a final judgment under Florida Rule of Civil Procedure 1.540(b). Rule 1.540(b) enumerates a number of grounds on which a trial court may grant this relief. In this case, neither party filed a motion for relief from the final judgment, nor is there evidence demonstrating any of the grounds on which relief may be granted. By adopting different standards, approximately seven months after the final judgment, the trial court improperly modified the judgment's terms.
Our decision renders moot the other issues raised by the County. We note, however, that the trial court improperly refused to admit photographs without the photographer's testimony. This testimony is not required for the admission of photographs into evidence. See Furr v. State, 229 So.2d 269, 270 (Fla. 2d DCA 1969), cert. denied, 237 So.2d 538 (Fla.1970).
Accordingly, we reverse. On remand, the trial court shall reinstate its final judgment of July 25, 1994.
RYDER, A.C.J., and FULMER, J., concur.