ISOM, CLAUDIA R., Associate Judge.
Youth for Christ of Sarasota, Inc. (the landowner), appeals from the “Order on Fees and Costs and Modification of the Final Judgment” in Sarasota County’s eminent domain action. We reverse the order because the trial court did not have jurisdiction to modify the final judgment.
On November 8,1994, the County filed a petition in eminent domain against the landowner which sought perpetual easement rights for three parcels of the landowner’s property. The trial court entered an order of taking, and the County made its “good faith” declaration of taking deposit. See §§ 74.051, 74.061, Fla. Stat. (1993). As permitted by section 74.071, Florida Statutes (1993), the landowner withdrew the County’s good faith deposit from the court’s registry. The valuation trial took place over four years later, in February 1999. As it turned out, the good faith deposit exceeded the jury’s compensation award to the landowner. Pursuant to section 74.071, the County obtained a final judgment of $57,275.57 against the landowner for the deficiency, which Judge Haworth rendered on May 26,1999.
The landowner filed a motion to tax costs pursuant to section 73.091, Florida Statutes (Supp.1994), and Judge McDonald heard the motion on September 29, 1999. The parties stipulated that the unpaid reasonable costs the landowner had incurred in defending the action totaled $33,615.25. The County argued that an equitable resolution would be to reduce the amount of the deficiency final judgment by the amount the County owed for the landowner’s costs. Over the landowner’s objection, Judge McDonald rendered an order on September 29, 1999, finding that “the amount of Defendant’s expert fees and costs should be offset against the amount the Defendant owes the County.” Judge McDonald’s order states that it modifies the final judgment against the landowner from $57,275.57 to $23,660.32.
The trial court was without authority to modify the final judgment rendered three months earlier. The County did not move to amend the final judgment pursuant to Florida Rule of Civil Procedure 1.530(g), which requires the motion to be served no later than ten days after entry of the judgment. Neither did the County move for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). Thus, the trial court was without jurisdiction to enter an order modifying the final judgment. See Hillsborough County v. Lovelace, 673 So.2d 917 (Fla. 2d DCA 1996) (holding that while trial court retained jurisdiction to enforce a final judgment, “it did not have jurisdiction to modify its terms” upon the parties’ stipulation); Valdes v. Planned Invs. Ass’n, 490 So.2d 1067 (Fla. 3d DCA 1986) (holding that the trial court was without jurisdiction to award injunctive relief when it had entered final judgment forty days earlier awarding only damages); see also Tingle v. Dade County Bd. of County Comm’rs, 245 So.2d 76 (Fla.1971) (recognizing that a successor judge does not have authority to modify a *796 predecessor’s final judgment absent grounds in rule 1.540).
Therefore, we reverse the order appealed and remand for the trial court to enter an order taxing costs against the County in the stipulated sum of $33,615.25.
Reversed and remanded.
CAMPBELL, A.C.J., and WHATLEY, J., Concur.